Per Curiam.
 

 There is evidence here to support a jury determination both (1) that -the accident to the plaintiff fell within the compass of the Workmen’s Compensation Law ¡and hence prevented him from bringing an action at law for damages against his fellow employee, and (2) that the defendant was not negligent or that, if he was, the plaintiff was guilty of contributory negligence. The trial court was, therefore, fully justified in submitting these issues to the jury and, as indicated, their verdict finds support in the record under either hypothesis.
 

 Our disposition, it should be remarked, does not foreclose any right which the plaintiff may have under the Workmen’s Compensation Law. It does not, in other words, preclude him from seeking compensation, and proceeding before the Workmen’s Compensation Board, provided, of course, that he has otherwise complied with the requirements of the Workmen’s Compensation Law (e.g., § 18).
 

 The judgment appealed from should be affirmed, with costs.
 

 Judges Desmond, Dye, Fuld, Fboessel and Bubke concur in
 
 Per Curiam
 
 opinion; Judge Yak Yooehis concurs upon the ground that no cause of action in common-law negligence has been established as matter of law; Chief Judge Cokway taking no part.
 

 Judgment affirmed.