■ JOSE PACHECO et al., Respondents, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Appellant.—Order, Supreme Court, New York County, entered March 11, 1976, which granted plaintiff's motion to reargue and upon reargument, *inter alia,* granted amendment of the *ad damnum* clause and service of a supplemental bill of particulars, unanimously affirmed, without costs or disbursements. Order, Supreme Court, New York County, entered June 25, 1976, denying an application for a hearing before a special referee on the issue of workmen's compensation asserted as an affirmative defense, unanimously affirmed, without costs or disbursements. Appeal from the order of the Supreme Court, New York County, entered November 21, 1975, unanimously dismissed as academic, without costs or disbursements. The plaintiff was a student attending classes at the facilities of the defendant hospital. Plaintiff was allegedly injured on a stairway located on the hospital premises on November 7, 1973. He was hospitalized from December 5, 1973 through January 4, 1974 and again from January 9, 1975 to January 21, 1975. In the interim, on October 24, 1974, the action had been placed on the Trial Calendar. The amendments are related to facts arising after placing the case on the calendar. The report of the second hospitalization was not sent by the hospital to plaintiff's counsel and resulted in the delay in applying for an increase in the *ad damnum* clause and the attendant supplemental bill of particulars. Furthermore, the medical affidavit annexed to the motion related the 1975 disablement of the plaintiff to the 1973 injury. In view of these facts, we find that there has been sufficient excuse offered for the delay in seeking amendment of the *ad damnum* clause and a proper showing that the additional hospitalization was related to the initial injury. Therefore, allowing the increase in the *ad damnum,* clause as well as service of a supplemental bill of particulars, was a provident exercise of judicial discretion. Furthermore, it was perfectly proper for Special Term to direct that the determination of the validity of the affirmative defense of workmen's compensation be made at the trial of the main action (see, e.g., *Moon v Finkle,* 6 NY2d 831). Concur—Kupferman, J. P., Lupiano, Birns, Silverman and Lane, JJ.