Louis L. Friedman, J.
This is a negligence action in which plaintiff contends that the defendant caused him willful harm in the manner hereinafter discussed. The present motion before the court is made by the defendant pursuant to rule 106 (subds. 1, 4) of the Rules of Civil Practice, for an order dismissing the complaint on the grounds that the court has no jurisdiction of the subject of the action and that the complaint does not state facts sufficient to constitute a cause of action. Plaintiff cross-moves for an order denying defendant’s motion. Such latter *310 motion is unnecessary and need not be considered, and is denied as academic, in view of the court’s disposition of the motion made by the defendant.
The complaint which is here sought to be dismissed is an amended one, served by reason of leave granted by the order of another Justice of this court. Defendant attacked the original complaint on the ground that the cause of action was barred by section 29 of the Workmen’s Compensation Law, claiming that the injuries of the plaintiff were sustained as the result of an industrial accident for which coverage was provided by the employer as provided for by the Workmen’s Compensation Law. The court dismissed the original complaint, granting leave, however, to serve an amended one.
The present complaint in substance alleges that defendant’s employees with the consent and under the direction of the officers of defendant corporation ‘ ‘ negligently, carelessly, wilfully, intentionally, unlawfully and wantonly took off the safety guards” (emphasis supplied) of the machine which plaintiff was operating. It is claimed in said complaint that the sole purpose for the removal of the safety guards was to insure and permit greater and speedier production of the employer’s goods, so that he would reap greater profits, and it is plaintiff’s contention therein and on this motion, that by such actions on its part, “ the defendant maliciously and wantonly assaulted the plaintiff. ’ ’
The disposition of this motion depends upon whether the complaint alleges merely an industrial accident, or a willful and wanton assault. There can be no question but that if merely an industrial accident is alleged, the complaint must fail since plaintiff’s sole remedy is in compensation (Workmen’s Compensation Law, § 29, subd. 6). In Artonio v. Hirsch (3 A D 2d 939, decided by the Appellate Division in this Department in 1957), the complaint alleged merely that the plaintiff there was injured as a result of the employer’s willful, reckless and unlawful acts in locking or tampering with safety devices on a power press which plaintiff had operated. The complaint, sustained by another Justice of this court, was dismissed by the Appellate Division against the corporate employer, that court holding that the remedy against the said employer was limited to workmen’s compensation. The Appellate Division, however, upheld the complaint as against the individual officers.
The present complaint, however, alleges specifically that an assault took place, and whether such an assault can be proved by the plaintiff, or whether the plaintiff will show merely an industrial accident, is something which will have to await a trial.
*311 It is academic that if an assault occurs, the injured person is not limited to workmen’s compensation. In Lavin v. Goldberg Bldg. Material Corp. (274 App. Div. 690), Mr. Justice Heffebnan, in writing for the Appellate Division, said (pp. 693-694): ‘ ‘ where an employer, either directly or through an agent or servant, is guilty of a felonious assault upon an employee he cannot relegate the latter to the compensation statute as the sole remedy for his tortious act. It would be abhorrent to our sense of justice to hold that an employer may assault his employee and then compel the injured workman to accept the meagre allowance provided by the Workmen’s Compensation Law ” and upheld plaintiff’s complaint. (To similar effect see De Coigne v. Ludlum Steel Co., 251 App. Div. 662 and Boek v. Wong Hing, 180 Minn. 470.)
In Wojcik v. Aluminum Co. (18 Misc 2d 740, 742), the court said: 11 An employee’s exclusive remedy under section 11, and subdivision 6 of section 29 of the Workmen’s Compensation Law which relates to injuries or death caused by a fellow employee, applies only to disabilities, deaths or diseases within the purview of the statute. The statute .does not foreclose an employee from maintaining an action at common law to recover damages for the employer’s tortious acts committed during the course of the employment when such acts are outside the contemplation and coverage of the Workmen’s Compensation Law.”
Whether or not plaintiff will be able to prove his allegation that an assault was committed should' await a trial where all of the facts may be fully developed. Plaintiff should not be deprived of his possible rights through a summary disposition. Although an assault is generally considered a deliberate intent to hurt another, modern-day machinery is of such a nature and character, that one who willfully and wantonly subjects his employee to possible severe injury by directing that safety devices to prevent such injury be eliminated, may be said to have committed an assault upon such employee if he is injured, just as an assault would have been committed by striking said employee a severe physical blow.
Accordingly, the motion to dismiss is denied. Submit order.