In an action by an infant under the age of 14 years to recover damages for personal injuries and by his father to recover damages for medical expenses and loss of services, the defendants appeal from so much of an order of the Supreme Court, Kings County, entered March 2, 1960, as: (1) grants leave to plaintiffs to amend the *ad damnum* clause in the complaint from $50,000 to $200,000 for the infant's cause of action and from $5,000 to $15,000 for the father's cause of action; and (2) grants leave to plaintiffs to serve an amended bill of particulars. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

ALCIDES SANTIAGO, Respondent, v. BRILL MONFORT Co., Appellant. JOSE A. SANTIAGO, Respondent, v. BRILL MONFORT Co., Appellant. JULIO T. AYALA, Respondent, v. BRILL MONFORT Co., Appellant.— In three separate actions to recover damages for personal injuries sustained by plaintiffs-employees in the course of their employment by defendant, the defendant appeals from three orders of the Supreme Court, Kings County, entered April 22, 1960, denying its motions to dismiss the amended complaints on the ground that the court has no jurisdiction of the subject of the actions and that the complaints do not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subds. 1, 4). The said complaints allege, in substance, that plaintiffs were injured as a result of defendant's wanton, intentional, unlawful and affirmative wrongful acts in removing certain safety guards from machines operated by plaintiffs; that such acts in effect constituted an assault on plaintiffs by defendant; and that the injuries were not accidental within the purview of the Workmen's Compensation Law. Orders reversed and amended complaints dismissed, with one bill of $10 costs and disbursements. There is no allegation that the guards were removed with a deliberate intent to injure plaintiffs. Rather, it is alleged that the removal was " for the sole purpose of increasing ❊ ❊ ❊ production for greater increment and profits." In our opinion, these complaints plead causes of action for injuries suffered by workmen as a result of industrial accidents in a covered employment, for which the Workmen's Compensation Law accords to the employer immunity from an action for damages (*Artonio* v. *Hirsch,* 3 A D 2d 939). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur. [23 Misc 2d 309.]

ROBERT HOGAN, an Infant, by MARGARET HOGAN, His Guardian ad Litem, et al., Respondents, v. SALVATORE J. CIANCIMINO, as Administrator of the Estate of HENRY BEYERS, Deceased, Appellant.— Motion by appellant to stay the assessment of damages, pending a determination of the appeal, granted on condition that appellant argue or submit the appeal at the November Term, beginning October 31, 1960. The appeal is ordered to be placed on the calendar for said term. The record and appellant's brief must be served and filed on or before October 20, 1960. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

In the Matter of G. GARY SOUSA, Appellant, v. NEW YORK STATE COUNCIL KNIGHTS OF COLUMBUS FOUNDATION et al., Respondents.— Motion by John F. Symonds and others to appear as *amicus curiæ,* granted to the extent of permitting the movants to file a brief. Kleinfeld, Christ, Pette and Brennan, JJ., concur; Nolan, P. J., not voting.

In the Matter of G. GARY SOUSA, Appellant, v. NEW YORK STATE COUNCIL KNIGHTS OF COLUMBUS FOUNDATION et al., Respondents.— Motion by appellant for a stay pending determination of the appeal, granted on condition that appellant argue or submit the appeal at the November Term,