Allen Clark **WOODDELL**, as Administrator of the Estate of Eugene Drost, a/k/a Eugene J. Drost, Deceased, and as Trustee for Marjorie Drost, Widow of Eugene Drost, and as Guardian of Marty Ann Drost, Dependent and minor child of the Deceased, Eugene Drost, Plaintiff,

v.

**WASHINGTON STEEL CORPORATION,** Defendant.

Civ. A. No. 66–1103.

United States District Court
W. D. Pennsylvania.

June 26, 1967.

James R. Kelley, Greensburg, Pa., for plaintiff.

Donald P. Monti, Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for defendant.

## OPINION

DUMBAULD, District Judge.

This is an action seeking damages for wrongful death of an employee of defendant, alleging that defendant was "grossly negligent" in the operation, control, design, alteration and supervision of certain machinery, by which the employee's death resulted. Punitive or exemplary damages only are sought, defendant conceding that "compensatory" damages are barred by the Workmen's Compensation Act. Defendant has moved for summary judgment under Rule 56 F.R.Civ.P.

The Pennsylvania Workmen's Compensation Act provides (77 P.S. § 481) that acceptance of the statutory scheme "shall operate as a surrender * * * [of the right] to any form or amount of compensation or damages for any injury or death occurring in the course of the employment" other than as provided in the statute.

■ This statute, if constitutional, would include punitive or exemplary damages and would bar plaintiff's claim.

Plaintiff contends, however, that the Pennsylvania Constitution preserves the right to punitive damages and authorizes substitution of a statutory scheme of awards only with respect to compensatory damages.

Article III, sec. 21 of the Pennsylvania constitution, P.S., upon which plaintiff relies, as amended in 1915, provides:

"The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons, and such

acts now existing are avoided. (Amendment of November 2, 1915.)"

The section as originally adopted in 1874 provided:

"No act of the General Assembly shall limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property; and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided."

It would seem that the primary function of this section was to prohibit a fixed pecuniary maximum for damages recoverable for personal injuries, such as the one in Minnesota which was involved in Northern Pacific R. R. Co. v. Babcock, 154 U.S. 190, 197, 14 S.Ct. 978, 38 L.Ed. 958 (1894), or the one in Massachusetts involved in Van Dusen v. Barrack, 376 U.S. 612, 627, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

Forbidding limitation upon the *quantum* of damages, rather than recognition of any distinction between the *kinds* of damages, seems to be the thrust of the provision.

■ The term "reasonable compensation" would seem to include not only compensatory damages but any other kind of damages permitted by the applicable law to be recovered. The legislature could have provided for cases where it felt that it would be reasonable to permit punitive damages in addition to the general scheme of statutory awards, and it could have established other exceptions to 77 P.S. § 481 in addition to those it recognized in 77 P.S. § 411, but it has not done so.

■ Our conclusion is one of first impression. The issue raised by plaintiff

**960**

is novel and interesting. It should be passed upon by the highest appellate authority, the Supreme Court of Pennsylvania, rather than a horseback decision by an inferior trial tribunal of the federal judiciary system. No governing precedents have come to our attention. It seems proper for this Court to accord to the constitutional provision its plain meaning as shown on its face, and to accord to the State statute the full scope of its presumption of constitutionality. Quite possibly a careful scrutiny of the legislative history of the provisions involved might demonstrate the error of our conclusions, but as Justice Robert H. Jackson used to emphasize, the research facilities for such scrutiny are not adequately available to country lawyers and trial courts. Jackson, Problems of Statutory Interpretation, 8 F.R.D. 125 (1948); Schwegmann Bros. v. Calvert Corp., 341 U.S. 384, 395–397, 71 S.Ct. 745, 95 L.Ed. 1035, 19 A.L.R.2d 1119 (1951); United States v. P. U. C. of California, 345 U.S. 295, 319–320, 73 S.Ct. 706, 97 L.Ed. 1020 (1952). See also Greenwood v. United States, 350 U.S. 366, 374, 76 S.Ct. 410, 100 L.Ed. 412 (1956). The best we can do is, "after prolonged cerebration", to offer our "prophetic judgment". Cooper v. American Airlines, 149 F.2d 355, 359, 162 A.L.R. 318 (C.A.2, 1945).

Defendant's motion is granted.

## JUDGMENT

And now, this 26th day of June, 1967, upon consideration of defendant's motion for summary judgment, after argument, for the reasons set forth in the foregoing opinion,

It is ordered that said motion be and the same hereby is granted, and judgment entered for defendant, Washington Steel Corporation, and against plaintiff, Allen Clark Wooddell, as Administrator of the Estate of Eugene Drost, a/k/a Eugene J. Drost, deceased, and as Trustee for Marjorie Drost, widow of Eugene Drost, and as Guardian of Marty Ann Drost, Dependent and minor child of the deceased, Eugene Drost.