Danny Mel REESE, Plaintiff,

v.

LIBERTY MUTUAL INSURANCE CO., John Doe Company, Douglas McClary and Estes Alexander and Fahrni-Institute AG, Defendants.

No. WC 78–124–S–O.

United States District Court, N. D. Mississippi, W. D.

April 4, 1979.

David G. Hill, Ron W. Lewis, Oxford, Miss., for plaintiff.

Richard L. Forman, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for Liberty Mutual.

John B. Clark, Daniel, Coker, Horton, Bell & Dukes, Jackson, Miss., for Douglas McClary and Estes Alexander.

Will A. Hickman, Sumners, Hickman & Rayburn, Oxford, Miss., for Fahrni-Institute.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This case is submitted to the court on motion to dismiss by defendants Douglas McClary (hereafter "McClary") and Estes Alexander (hereafter "Alexander"). After reviewing the record and memoranda of the parties, the court finds the motion to be well taken.

■ In appraising the sufficiency of the complaint, the court follows the rule established by the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 45–46, 78 S.Ct. 103. (footnote omitted)

The United States Court of Appeals, Fifth Circuit, has consistently followed this rule. One of its latest pronouncements was made in *Robinson v. Price*, 553 F.2d 918 (5th Cir. 1977). There the court said "[a] motion to dismiss should not be granted unless it appears *to a certainty* that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim." 553 F.2d at 919. (emphasis in original)

In reaching a decision that the motion to dismiss is well taken, the court has considered that the plaintiff, Danny Mel Reese (hereafter "Reese"), on the trial of the action, could prove, in support of his claim, the facts hereinafter stated.

At a time when he was 19 years of age, Reese was employed by United States Plywood[1] (hereafter "U.S. Plywood"), as a member of the cleanup crew at its novaply processing plant in Lafayette County, Mississippi. Reese was hired by U.S. Plywood about 6 weeks prior to the incident of which he complains.

■ The complaint charges that on or about September 30, 1972, while Reese was engaged in the performance of the duties assigned to him by U.S. Plywood, he suffered a serious, painful and permanent injury from an explosion which occurred in the screen room of the plant where he was working.

Reese alleges that he had finished blowing dust off the walls and machinery in the room and was sweeping the dust into piles to be thereafter removed when suddenly, without warning, the wood dust suspended in the room exploded into flames, resulting in his serious injury.

U.S. Plywood carried its workmen's compensation coverage with defendant, Liberty Mutual Insurance Company (hereafter "Liberty Mutual").

McClary was the plant manager and Alexander the assistant plant manager at the time of this occurrence. To support his claim for damages against McClary and Alexander, Reese charges that an explosion similar to the one which occurred and caused his injury had been experienced by the plant on at least one prior occasion since the plant was constructed in 1969; that no effective or remedial measures had been taken by McClary as plant manager, or Alexander as assistant plant manager or

---

1. United States Plywood now has the corporate name of Champion Products International.

Liberty Mutual, the compensation carrier for U.S. Plywood. Reese alleges also that neither McClary, Alexander, Liberty Mutual Insurance Company, or the designer and/or manufacturer of the plant processing equipment informed him of the inherent and latent danger of sudden combustion of the wood dust; that he was not issued or encouraged to wear fireproof or fire resistant clothing while working in the screen room; that he had been given no fire drill instruction or advice of any kind concerning means of escape in the event of fire even though fire drill procedures had been established by plant management; that he viewed his job as cleanup detail and suspected no danger whatsoever since he was handling a broom, not an obviously dangerous unit of machinery or equipment.

The complaint charges McClary, as plant manager, had the duty to exercise ordinary care to provide Reese and other plant employees working under him with a safe place within which to work.

The complaint charged McClary with a breach of these duties, as well as others, resulting in the explosion and resulting injuries to Reese.

The same charges made against McClary, as plant manager, are made against Alexander as assistant manager.

It is at once clear that McClary, Alexander and Reese, on the occasion in question, were co-employees. Reese complains that McClary and Alexander did not perform duties imposed upon them as supervisory employees of U.S. Plywood. The three were employed by the same employer to assist in the operation of the same industrial facility.

Reese, on the one hand, and McClary and Alexander, on the other, were not in the same category of employees. Reese was engaged on the cleanup detail working in a non-supervisory capacity. McClary and Alexander were supervisory employees, directing the work of others. They were, however, co-employees of U.S. Plywood regardless of the difference in work assigned to each.

The motion to dismiss is based on the holding of the Mississippi Supreme Court in *McCluskey v. Thompson,* 363 So.2d 256 (Miss.1978).

In *McCluskey,* the court said, in a discussion of the Mississippi's Workmen's Compensation Law and its effect on an action for damages by an employee against a co-employee of an insured employer "Our Act and the common law right to sue a fellow employee for negligence, as opposed to an intentional tort, cannot coexist, so the common law right to sue a fellow employee where the injured employee is covered by the Act must give way." 363 So.2d at 264.

While admitting the force and effect of the rule in *McCluskey,* Reese contends that *McCluskey* is not applicable because the rule does not apply to employees who are not engaged in the same character of work; that an insured employee who is subject to the control of a supervisory employee, may sue his supervisor even though technically, the supervisor is a co-employee in the sense that both are in the employ of the same employer.

In support of their position that *McCluskey* is controlling in the action sub judice, McClary and Alexander have presented to the court an attested true copy of the declaration involved in *McCluskey* as the same appears of record in the Mississippi Supreme Court. The declaration reflects that all individual defendants named in the suit were supervisory employees or persons with higher titles than *McCluskey.*

Reese seeks to avoid the effect of *McCluskey* by alleging that the breach of duties by McClary and Alexander was wilfully and wantonly done. The facts well pleaded must form the basis for the judgment of the court. It is clear from the allegations of the complaint, that Reese does not charge either McClary or Alexander with a deliberate or intentional act which in any way contributed to the explosion and to his injuries. The *McCluskey* opinion excepts from the rule "an intentional tort" committed by a co-employee.

This court has recently had the occasion to consider and rule upon the precise issue here presented. In *Kipnis and United States Fidelity & Guaranty Company v. Clarence Antoine, Jr.,* 472 F.Supp. 215

(N.D.Miss.1979), the court said "Kipnis and USF&G seek to avoid the impact on their action against Antoine created by *McCluskey* by arguing that the *McCluskey* court made an exception to the rule where the fellow employee's act constituted an intentional tort. . . They argue, however, that this court should write into the rule another exception that is where the fellow employee is guilty of gross or wanton negligence. The court is unimpressed with the argument and declines to enlarge upon the exception. This is an issue that the Mississippi Supreme Court will have to decide. As the rule now stands only 'intentional torts' are excepted from the rule." [2] *McCluskey* only excepted "an intentional tort".

The court finds that as to defendants McClary and Alexander, Reese's action for the recovery of damages proximately resulting or to result from the injuries suffered by him while in the employ of U.S. Plywood is an action against co-employees for negligence said to have been committed by them in the discharge of their duties in the course of their employment.

Being co-employees, Reese does not have a right of action against these two defendants. Their motion to dismiss is well taken and will be sustained.

---

**2.** This court is, of course, bound to apply the Mississippi Rule. *Erie Railroad Co. v. Tomp-* *kins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).