Lemmie S. HOUSTON, Plaintiff,

v.

BECHTEL ASSOCIATES PROFESSION-
AL CORPORATION, D. C., et
al., Defendants.

Civ. A. No. 81–0699.

United States District Court,
District of Columbia.

Sept. 23, 1981.

Jack H. Olender, Washington, D.C., for
plaintiff.

Arthur V. King, Rockville, Md., for de-
fendants.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

### I. *Background*

Plaintiff Lemmie S. Houston filed this
action against Bechtel Associates (Bechtel),

and others who participated in the construction of the Washington subway system (Metro). Plaintiff, a construction area safety inspector, was employed by Bechtel which was under contract with Washington Metropolitan Area Transit Authority to oversee and ensure the safety of the project. The complaint alleges that the defendants, including Bechtel, willfully, wantonly, recklessly, negligently and in violation of the applicable safety regulations exposed plaintiff to unreasonably high levels of silica dust, as a result of which he contracted silicosis. Plaintiff seeks punitive damages from Bechtel.

On March 16, 1981 plaintiff secured an award against Bechtel in the amount of $118,000 pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (LHWCA or the Act). Shortly thereafter, on March 23, 1981 he filed his complaint against Bechtel and others.

On April 15, 1981 Bechtel moved to dismiss the action against it,[1] contending that plaintiff's recovery under LHWCA bars any common law action against it as employer, by virtue of § 905(a), the exclusive liability provision of LHWCA.

For the reasons stated below, the Court is persuaded that plaintiff's action is barred by § 905(a) of LHWCA.

## II. *Issue Presented*

This case presents an issue of first impression in this Circuit; i. e. can an employee who has recovered damages under the LHWCA maintain a tort action against his employer alleging willful, wanton, reckless, and unlawful misconduct?

1. The other defendants are not involved in the instant motion to dismiss.

2. The District of Columbia Workers Compensation Act, D.C.Code § 36–501 (1973), incorporates the provisions of LHWCA. Thus decisions construing it are pertinent in interpreting LHWCA.

3. LHWCA defines injury as:
   accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as naturally or unavoidably results from such accidental in-

## III. *Discussion*

The LHWCA is a comprehensive legislative scheme requiring employers to provide compensation to employees who are disabled or killed in the course of their employment. 33 U.S.C. § 901 *et seq.* (1976). A prime purpose of the Act is to provide employees with a practical and expeditious remedy for work-related injuries, while limiting the economic burden on employers by providing that their liability under the Act shall be "exclusive" of all other liability. 33 U.S.C. § 905(a) (1976); *Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977); *Cardillo v. Liberty Mutual Ins. Co.,* 330 U.S. 469, 476, 67 S.Ct. 801, 805, 91 L.Ed. 1028 (1947); *Shreve v. Hot Shoppes, Inc.,* 184 F.Supp. 436 (D.D.C.1969), aff'd, 292 F.2d 761 (D.C. Cir.1961); *Harrington v. Moss,* 407 A.2d 658 (D.C.App.1979)[2]. LHWCA thereby strips an employee of the right to maintain a tort action against his employer, if he is compensated for injuries covered by the Act.[3] *Northeast Marine Terminal Co. v. Caputo, supra; Baker v. Pacific Far East Lines, Inc.,* 451 F.Supp. 84 (N.D.Calif.1978); cf. *O'Rourke v. Long,* 41 N.Y.2d 219, 391 N.Y. S.2d 553, 359 N.E.2d 1347 (1976).[4]

Section 905(a) provides in pertinent part: The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, . . ., and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . . .

Plaintiff attempts to circumvent the exclusive liability command of § 905(a) by

jury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment. 33 U.S.C. § 902(2) (1976).

4. Cases arising under the New York Workers Compensation Act should be considered when construing LHWCA, because the New York statutes provided the model for the federal Act. *Potomac Electric Power Co. v. Office of Workers Compensation Programs,* 449 U.S. 268, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980).

arguing: (1) that § 905(a) does not reach actions alleging willful, wanton, and reckless misconduct; and (2) that § 905(a) does not govern suits for punitive damages. We address each argument separately.

## A. Willful, Wanton, and Reckless Misconduct

■ It is well settled that § 905(a) bars an action alleging mere negligence. *Dawson v. Contractors Transport Corp.*, 467 F.2d 727 (D.C.Cir.1971); *Shreve v. Hot Shoppes, Inc., supra* ; See: 2A Larson, *Workmen's Compensation Law*, § 65.10 (1976); 81 Am. Jur.2d, *Workmen's Compensation* §§ 50, 52 (1976). The courts have, however, carved out an exception to exclusive liability provisions where the injury inflicted is the result of an intentional act. 2A Larson, *Workmen's Compensation Law*, § 68.00 (1976). Plaintiff would have us carve out another exception for willful, wanton, and reckless misconduct. We decline to do so.

The overwhelming weight of authority is that "the common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct short of genuine intentional injury." 2A Larson, *Workmen's Compensation Law*, § 68.13 at 13–5 and cases cited n.11 (1976). Nothing short of a specific intent to injure the employee falls outside the scope of § 905(a). Absent such specific intent, the employee is foreclosed from maintaining a tort action against his employer. *Austin v. Johns-Mansville Sales Co.*, 508 F.Supp. 313 (D.C. Me.1981), and cases cited therein at 316 (D.Maine, 1981); *Baker v. Pacific Far East Lines, Inc., supra* at 95; *Reese v. Liberty Mutual Ins. Co.*, 473 F.Supp. 456 (N.D.Miss. 1979); cf: *Finch v. Swingly*, 42 A.D.2d 1035, 348 N.Y.S.2d 266 (1973); *Santiago v. Brill Monfort Co.*, 11 A.D.2d 1041, 205 N.Y. S.2d 919 (1960), aff'd, 10 N.Y.2d 718, 219 N.Y.S.2d 266, 176 N.E.2d 835 (1961).

The position of these courts is consistent with the intent of § 905(a). The legislative history of the 1972 amendments reveals that the integrity of the exclusivity principle was a paramount concern of congress.[5]

While everyone has agreed since at least the mid-1960's that the benefits under the Act should be raised, there has been some dispute as to whether such benefits should be raised so long as this compensation law was not the exclusive remedy for an injured worker. It has been the feeling of most employers that while they were willing to guarantee payment to an injured worker regardless of fault, they would only do so if the right to such payment was the exclusive remedy and they would not be the subject to additional lawsuits because of that injury. S.Rep. No.1125, 92d Cong., 2d Sess. 4 (1972).

■ Nowhere in plaintiff's complaint can the necessary allegations of such intent be found. Knowledge and appreciation of a risk is not the same as the "intent" to cause injury. Prosser, Law of Torts, § 8 (4th Ed. 1971). Neither knowingly permitting a hazardous work condition to exist, *Kennecott Copper Corp. v. Reyes*, 75 Nev. 212, 337 P.2d 624 (1959); *Finch v. Swingly, supra; Sanford v. Presto Mfg. Co.*, 92 N.M. 746, 594 P.2d 1202 (1979), nor willfully failing to furnish a safe place to work, *Austin v. Johns-Mansville Sales Corp., supra; Artonio v. Hirsh*, 3 A.D.2d 939, 163 N.Y.S.2d 489 (1957), nor even willfully violating a safety statute, *Santiago v. Brill Monfort Co., supra; Cunningham v. Aluminum Co. of America, Inc.*, 417 N.E.2d 1186 (Ind.App. 1981); *Peterick v. State*, 22 Wash.App. 163, 589 P.2d 250 (1978), constitutes the requisite intent. See: 2A Larson, *Workmen's Compensation Law*, § 68.13 (1976).

At most, plaintiff alleges that defendant willfully, wantonly, recklessly, and unlawfully exposed him to dangerous working conditions. These allegations are insufficient. As Professor Larson noted:

> The intentional removal of a safety device or toleration of a dangerous condition may or may not set the stage for an

---

5. The 1972 amendments left the language of § 905, as originally enacted, entirely intact.

However, § 905 was redesignated § 905(a) and a new provision, § 905(b), was added.

accidental injury later. But in any normal use of the words, it cannot be said, if such an injury does happen, that this was deliberate influction of harm . . . *Id.* at 13–9.

In the face of this formidable body of authority, plaintiff cites only *Mandolidis v. Elkins Industries, Inc.*, 246 S.E.2d 907 (W.Va.1978) for the proposition that willful, wanton, and reckless misconduct is outside the purview of § 905(a). Plaintiff's reliance on *Mandolidis* is misplaced. The West Virginia Workers Compensation Act, which the *Mandolidis* court was interpreting, expressly allows tort actions where the injury to the employee is the result of a "deliberate intention" of the employer to injure the employee. W.Va.Code § 23–4–2. LHWCA contains no such exemption from its exclusivity provision. Moreover, the reasoning of the *Mandolidis* court is strained and the result is "distinctly out of line" with other authority. 2A Larson, *Workmen's Compensation Law*, § 68.13, supp. at 55 (1980). We decline to follow the *Mandolidis* decision.

Accordingly, we hold that an action by an employee against his employer alleging willful, wanton, reckless, and unlawful misconduct is barred by § 905(a) of LHWCA.

### B. *Punitive Damages*

Plaintiff argues that a claim for punitive damages is beyond the reach of § 905(a). Citing only Black's Law Dictionary, plaintiff contends that punitive damages awards are necessary to punish and deter an employer who willfully, wantonly and recklessly exposes his employees to dangerous working conditions. Plaintiff's position misconceives the purpose of punitive damages, and is contrary to authority in this Circuit.

The law does not favor punitive damages, but will award them to punish a defendant for intentional, aggravated and outrageous misconduct and to deter the defendant and others from engaging in the same or similar acts. *See: Chesapeake & Potomac Telephone Co. v. Clay*, 194 F.2d 888, 891 (D.C.Cir.1952); *Payne v. Government of District of Columbia*, 559 F.2d 809, 827 (D.C.Cir.1977) (Tamm, J., concurring);

Prosser, *Law of Torts*, § 2 (4th Ed. 1971). As such, "mere inadvertence or even gross negligence will not support an award of punitive damages. . . . The tort must be 'aggravated by evil motive, actual malice, deliberate violence or oppression.' *Black v. Sheraton Corp. of America*, 47 F.R.D. 263, 271 (D.D.C.1969)." *Nader v. Allegheny Airlines, Inc.*, 512 F.2d 527, 549 (D.C.Cir.1975), rev'd on other grnds., 426 U.S. 290, 96 S.Ct. 355, 48 L.Ed.2d 643 (1976).

Plaintiff has not alleged the type of conduct, aggravated by actual malice, which will support an award of punitive damages. It is not alleged that the defendant either "intended" injury to the plaintiff, or acted with malice, either actual or presumed. It must be remembered that it was plaintiff's responsibility, as safety inspector, to ascertain whether working conditions on the Metro project were dangerous. Occasional exposure to unhealthy environments and other risks was unavoidable in the job.

Moreover, punishment and deterrence, as general policy considerations favoring punitive damages, must be weighed against the specific policy statement embodied in § 905(a). Congress has determined, after balancing many competing considerations, *See: Northeast Marine Terminal Co. v. Caputo, supra*, that an employer's liability under LHWCA shall be exclusive of *all* other liability. We are loathe to upset the balance struck by the legislature by permitting the plaintiff to circumvent § 905(a)'s exclusivity command, under the guise of a claim for punitive damages. *See: North v. United States Steel Corp.*, 495 F.2d 810 (7th Cir. 1974); *Cunningham v. Aluminum Co. of America, supra; Wooddell v. Washington Steel Corp.*, 269 F.Supp. 958 (W.D.Pa.1967).

We hold that § 905(a) of the LHWCA bars actions both for compensatory and punitive damages.

### IV. *Conclusion*

Plaintiff's allegations of willful, wanton, reckless and unlawful misconduct are insufficient to overcome the exclusive liability mandate of § 905(a) of LHWCA. His claim

for punitive damages is barred, as well, by § 905(a). Accordingly, defendant Bechtel's motion to dismiss the complaint should be and the same hereby is granted. It is So ORDERED.