942 So.2d 64 (2006)
Danilo PERALTA
v.
John PERAZZO, Northrop Grumman Ship Systems, Inc. and XYZ Insurance Company.
No. 06-CA-343.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
Rehearing Denied November 21, 2006.
*65 James E. Shields, Jr., Shields & Shields, Gretna, Louisiana, for Plaintiff/Appellant.
Brian C. Bossier, Tara Nunez Smith, Erin H. Boyd, Christopher T. Grace, III, Blue Williams, L.L.P., Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., CLARENCE E. McMANUS and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Plaintiff/appellant Danilo Peralta appeals a summary judgment granted by the Twenty-Fourth Judicial District Court in favor of defendant/appellee Northrop Grumman Ship Systems Inc. We affirm.
In October 2003, Peralta filed a Petition For Damages against Northrop and its employee, John Perazzo. Peralta alleged that he was working as a longshoreman for Northrop on July 30, 2001 and was in the course and scope of his employment when Perazzo intentionally threw a chair which hit him in the leg and caused injury. Peralta averred that the injury was caused by Perazzo's intentional act, and that because Perazzo was in the course and scope of his employment at the time of the incident, his actions were imputable to Northrop.
Following discovery, Northrop filed a Motion For Summary Judgment, alleging *66 that as a matter of law, the incident in question was not an intentional act so as to constitute an exception to the exclusive remedies of the Longshore and Harbor Worker's Compensation Act (LHWCA). A hearing on the motion was subsequently held, at which time the court rendered judgment in favor of Northrop. Peralta filed a Motion For New Trial. Following a show cause hearing, the matter was taken under advisement, and ultimately the court denied a new trial. Upon request by Peralta, the court issued written Reasons For Judgment. Peralta appeals both the summary judgment and the denial of a new trial.
The essence of plaintiff's argument in the present case is that Perazzo's intent to injure him is a contested issue of fact. He contends that the court weighed the evidence and made credibility evaluations to determine intent. Under the LHWCA, 33 U.S.C.A. 905(a), the employer's liability is exclusive and in place of all other liability unless the employer fails to secure payment of compensation. It is not contested that Northrop paid benefits to Peralta under the act.
Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Ocean Energy, Inc. v. Plaquemines Parish Gov't, 04-0066 (La.7/6/04), 880 So.2d 1. The movant bears the burden of proof. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
A "material fact" to be one in which "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002. When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. LSA-C.C.P. art. 967.
Although summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice, the Supreme Court has acknowledged that "summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent." Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730.
In the record on appeal is the decision by the Department of Labor awarding benefits pursuant to 33 U.S.C. 901 et al. According to the decision, Peralta testified that on the day of the incident, he and several co-workers including Angus Fontaine, Albert Fonse, Jamie St. Ann and Earl Jenkins were in the shipyard office for their daily meeting "when the foreman, John Perez (sic) entered the room in an angry state yelling profanities. Perez threw his desk against the wall and threw his chair behind him, nearly missing Claimant and his co-workers who were *67 able to move out of the way. . . . . After leaving the room to cool off, Perez returned still angry, and yelled directly at Claimant about the work he had finished the day before. Claimant testified Perez did not explain why he was angry. He threw his chair behind him a second time, hitting Claimant in the left knee. Claimant stated he did not know whether Perez tried to hit him, but after he hit him, Perez called Claimant stupid."
Also attached to the record was a partial transcript in which Peralta testified that on the morning of the incident, Perez came into the office angry, and asked who was messing with his desk. When no one answered, he grabbed the desk and threw it against the wall. Then he pulled a chair and threw it behind him. He went off and came back, asking Peralta what was wrong with the job he had done on the weekend. After Peralta's reply, Perez cursed, said he felt like shooting someone, and then grabbed his chair again, throwing it behind him, and striking Peralta. Perazzo's affidavit admitted into the record stated in pertinent part that he grabbed the chair and slammed it down by his desk, striking Peralta by accident. He was not aware that Peralta had been hit until later when Peralta came in and requested a pass to go to first aid. Jamey St. Amant, Al Faunce, and Earl Jenkins, employees present at the time, stated in their individual affidavits that Perazzo became upset, cursed, and shoved his chair behind him, hitting Peralta by accident.
Peralta's opposition to Summary Judgment included his own affidavit, in which he avers that Perazzo intentionally cursed, said he would kill someone, and threw the chair at him. According to the affidavit, Perazzo had the specific intent to hit and injure him. Interestingly, also attached to the opposition was another affidavit from St. Amant, in which he first stated that he had not been offered the opportunity to speak with his personal attorney prior to the affidavit sworn in favor of Northrup. The affidavit went on to state that "Perazzo intentionally cursed at Danilo Peralta, loss[sic] control and then threw a chair at Danilo Peralta." In two other portions of the same affidavit, St. Amant deposed only that that Perazzo "threw a chair which struck Danilo Peralta"
In its Reasons For Judgment, the trial court considered the narrow exception to 33 U.S.C.A. 905(a), and held that Peralta did not meet his burden of proving that Perazzo shoved or threw the chair with the specific intent to injure him. The court determined that the affidavits by the parties confirm that Perazzo intentionally threw the chair, but struck or injured Peralta accidentally. The court found that Peralta's evidence relative to Perazzo's intent was contradicted by his testimony in the Longshoreman's claim, and concluded that there was no genuine issue of material fact relative to intent.
The federal courts have carved out an exception to exclusive liability provisions where the injury inflicted is the result of an intentional act. Houston v. Bechtel Associates Professional Corp., 522 F.Supp. 1094 (U.S.D.C.1981). The overwhelming weight of authority is that "the common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct short of genuine intentional injury." Id. Nothing short of a specific intent to injure the employee falls outside the scope of 33 U.S.C.A. 905(a). Absent such specific intent, the employee is foreclosed from maintaining a tort action against his employer. Id.
Knowledge and appreciation of a risk is not the same as the "intent" to cause *68 injury. Neither knowingly permitting a hazardous work condition to exist, nor willfully failing to furnish a safe place to work, nor even willfully violating a safety statute constitutes the requisite intent.
Houston v. Bechtel, supra.
In Houston, the court held that an action by an employee against his employer alleging willful, wanton, reckless, and unlawful misconduct is barred.
A plaintiff may not satisfy his burden under C.C.P. art. 967 by resting on mere allegations or by filing self-serving, conclusory affidavits which merely restate those allegations. Sims-Gale v. Cox Communications of New Orleans, XXXX-XXXX (La.App. 4 Cir. 4/20/05), 905 So.2d 311. See also Stephens v. Southern Sweeping Services 03-826 (La.App. 5 Cir. 11/25/03) 862 So.2d 197. In the present case, although Peralta's affidavit stated the chair was thrown at him, the evidence submitted by Northrop is that the chair was thrown behind Perazzo. The rather curious second affidavit filed by St. Amant does not raise an issue of material fact. To the extent that he attempts to recant his prior affidavit, the document contains internal inconsistencies which render unreliable its evidentiary value, and further, it does not address the fundamental issue of intent to injure the plaintiff.
On de novo review, we agree with the trial court that Peralta did not carry his burden of proving the existence of a material fact regarding Perazzo's specific intent to injure him. Peralta, in his opposition affidavit sworn after his testimony before the Labor judge, did not attest that Perazzo was facing him when he threw the chair, rather than behind him as he testified at the hearing. Similarly, St. Amant's second affidavit does not change his earlier statement that Perazzo threw the chair behind him. In point of fact, no witness testified that Perazzo was looking at Peralta when he threw the chair; rather, the evidence that Perazzo was not facing Peralta is uncontradicted.
Peralta has offered no evidence that he will ever be able to prove anything more at a trial on the merits than that Perazzo threw a chair and that the chair hit him. In the absence of anything more than plaintiff's conjecture as to intent, there is no genuine issue of material fact concerning Perazzo's actions. Peralta suffered an accidental injury caused by Perazzo's willful and reckless conduct, which as a matter of law precludes him from maintaining a tort action against Northrop.
Inasmuch as Peralta failed to establish any grounds for the granting of a new trial, the court properly denied the motion.
For the foregoing reasons, the judgment is affirmed. Plaintiff is taxed all costs of this appeal.
AFFIRMED.