NORA CULHANE, as Administratrix, etc., of WILLIAM F. CULHANE, Deceased, Appellant, *v.* ECONOMICAL GARAGE, INC., Respondent, Impleaded with FRANCIS R. MAYER and MICHAEL F. DAY, Defendants.

First Department, February 4, 1921.

**Workmen's Compensation Law — complaint in action for wrongful death of servant stating cause of action for injury arising out of and in course of employment — failure to allege non-compliance with Workmen's Compensation Law — demurrer sustained — election of plaintiff to proceed under Workmen's Compensation Law matter of defense — Workmen's Compensation Law constitutional — plaintiff permitted to amend complaint.**

A complaint in an action for the death of an employee which shows that the injury arose out of and in the course of the decedent's employment, within the meaning of the Workmen's Compensation Law, but which does

not allege that the defendant failed to comply with said law, is demurrable
on the ground that it does not state a cause of action.

The fact that the plaintiff sought a remedy under the Workmen's Compensation Law before instituting the present action is a matter of defense that is not presented by a demurrer to the complaint.

The Workmen's Compensation Law is constitutional, and, furthermore, there can be no question of the power of the Legislature to take away the statutory remedy for a death claim and substitute therefor another remedy.

The plaintiff, however, should be afforded an opportunity to amend the complaint, if possible, so as to state a cause of action not arising out of and in the course of the decedent's employment or by alleging that the defendant failed to comply with the Workmen's Compensation Law.

APPEAL by the plaintiff, Nora Culhane, as administratrix, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of April, 1920, sustaining defendant's demurrer to the complaint, and also from the judgment entered thereon on the 26th day of April, 1920, dismissing the complaint.

The issue herein was brought on and tried as a contested motion under section 976 of the Code of Civil Procedure.

*William Phlippeau* of counsel [*Simpson & Simpson*, attorneys], for the appellant.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew*, attorney], for the respondent.

LAUGHLIN, J.:

This is a statutory action (Code Civ. Proc. § 1902 *et seq.*) to recover for the death of plaintiff's intestate who was employed by the defendant company to wash cars in its garage in the borough of Manhattan, New York. It is alleged that the defendant Mayer had a contract with the defendant company for the storage of his automobile at the garage; that one Rhine was the superintendent or manager of the garage and the company also employed defendant Day as foreman; that both Rhine and Day were acting with and had superintendence over the decedent; that on the 18th day of October, 1918, a loaded Colt's automatic pistol was negligently left concealed by the defendant Mayer or his chauffeur in his car at the garage; that he owned it, but had no permit or license to have it; that on said day

the defendant Mayer telephoned said Rhine to take the pistol from his car and unload it and keep it until he or his representative called for it; that Rhine thereupon ordered the defendant Day to obtain the pistol and to unload it in his presence and that Day attempted so to do, but negligently and unlawfully and with reckless disregard for the safety of the decedent and others lawfully on the premises and in the garage failed to remove all of the loaded cartridges and negligently failed to safeguard the pistol and to put it away in a proper place of safety; that on said day decedent while in the garage in the performance of his duties was ordered and commanded by Day, who was his foreman, acting with and having superintendence over him, to come into the office of the garage and the decedent obeyed the command and upon his arriving in the office, Day, within the scope of his employment and authority, commanded the decedent to take the pistol and to deliver it to the defendant Mayer or to his representative when called for, and while in the act of so ordering and commanding the decedent in regard to the return of the pistol and while the pistol was in defendant Day's hand, and by reason of his negligent and unlawful conduct in handling and caring for it, without warning to the decedent, a bullet was discharged from the chamber of the pistol into his body causing his death.

The theory upon which the demurrer was interposed is that the complaint states a cause of action arising out of and in the course of the employment of the decedent in a hazardous employment enumerated in group 41 of section 2 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705) for which a remedy is afforded by that law. In such case it is well settled that no action can be maintained unless it is alleged that the employer failed to comply with the statute with respect to insurance and that where the statute gives a remedy it is exclusive provided the employer has complied therewith. (*Nulle* v. *Hardman, Peck & Co.,* 185 App. Div. 351; *Matter of Moore* v. *Lehigh Valley R. R. Co.,* 169 id. 177; *Pierson* v. *Interborough Rapid Transit Co.,* 184 id. 678; *Matter of Heitz* v. *Ruppert,* 218 N. Y. 148; *Matter of Daly* v. *Bates & Roberts,* 224 id. 126.) There is no allegation in the complaint that the garage company failed to comply

with the Workmen's Compensation Law. The complaint, therefore, fails to state a cause of action.

Counsel for appellant states, and respondent concedes, that a claim was made under the Workmen's Compensation Law and allowed, but that the decision of the Commission was reversed and the claim dismissed by the Appellate Division, and *Culhane* v. *Economical Garage Co.* (188 App. Div. 1) is cited as showing the facts. It therein appears that the evidence before the Commission showed that neither Day nor the decedent was at the time the pistol was discharged acting within the scope of his employment. The opinion of the Appellate Division shows that the foreman called the decedent into the office, not to take and deliver the revolver to the owner as here alleged, but to look at it as a matter of curiosity, and for that purpose took it from a drawer in which it had been placed to hold it for the owner, and that as Day was about to hand it to the decedent to examine it, it was discharged. Counsel for the plaintiff says that his client is being driven from pillar to post without finding any remedy anywhere; but the difficulty is not with the law but with the theory of the claimant and the proof offered before the Commission or with the allegations here made, which are diametrically opposed thereto. Before the Commission it was shown that the accident which resulted in the decedent's death did not arise out of and in the course of his employment, while here it is alleged that it did. If the facts are as alleged in the complaint it is quite clear that there was a remedy under the Workmen's Compensation Law. If through inadvertence or excusable neglect plaintiff failed to show the material facts in presenting her claim to the Commission, doubtless the Appellate Division would, on a proper application, reconsider the dismissal of her claim and remit it to the Commission unless the Commission itself is authorized to reopen the hearing, as to which it is unnecessary for us to decide. We can only decide that on the facts here alleged plaintiff had a remedy under the statute which is exclusive, unless the garage company failed to comply with the statute, which is not alleged.

Counsel for respondent contends that this action is barred by plaintiff's election to seek a remedy under the statute,

but that would be a matter of defense and is not presented by the demurrer; and moreover if plaintiff had an election that could only be for defendant's failure to comply with the statute, and that does not appear. (*Pavia* v. *Petroleum Iron Works Co.*, 178 App. Div. 345; *Crinieri* v. *Gross*, 184 id. 817.)

Counsel for the appellant further contends that the Workmen's Compensation Law is unconstitutional; but it has been sustained as constitutional (*New York Central R. R. Co.* v. *White*, 243 U. S. 188; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *Matter of Walker* v. *Clyde Steamship Co.*, Id. 529), and this being a death claim for which there was no cause of action at common law, there can be no question with respect to the authority of the Legislature to take away the statutory remedy theretofore given and afford another or to withdraw the remedy altogether provided the statute operates alike on all similarly situated. (See *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469; *Shinnick* v. *Clover Farms Co.*, 169 App. Div. 236.) Plaintiff, however, in the circumstances, should be afforded an opportunity to amend the complaint, if advised that the facts warrant the amendment, so as to state a cause of action not arising out of and in the course of decedent's employment or by alleging that the garage company failed to comply with the Workmen's Compensation Law, if that be the fact.

It follows that the order should be modified by providing that it is made without prejudice to a motion by the plaintiff to vacate the order and judgment and serve an amended complaint, if she shall be so advised, and as thus modified affirmed, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order modified as directed in opinion and as so modified, affirmed, with costs to respondent.