HOMER GARDNER, Appellant, *v.* SHEPARD NILES CRANE & HOIST CORP., Respondent.

Third Department, December 29, 1944.

Gaylord Riggs, attorney for appellant.

Tucker & Bisselle, attorneys (Morgan F. Bisselle of counsel), for respondent.

HILL, P. J. Plaintiff appeals from an order of the Cortland Special Term that dismissed the complaint which pleads that through defendant's negligence in failing to provide a safe place to work as required by the Labor Law, plaintiff suffered injury during the last three months of 1940 and in 1941 prior to May 5th, and " That the injuries and disabilities suffered by plaintiff are not compensable under the Workmen's Compensation Law of the State of New York." The specific assertion in the complaint is that defendant failed " to equip its machines on which plaintiff worked with hoods, pipes, suction devices and exhaust fans, or other protective devices, to properly draw out the dusts created by dry grinding," and that the brass and bronze dust was inhaled by the plaintiff " and by reason thereby, [plaintiff] became so sick, sore and disabled that he was compelled to give up work." That because of the failure by defendant to provide equipment for the removal of the dust " plaintiff contracted serious lung and internal conditions which have prevented him from engaging in any manual work, and which have rendered him sick, sore and disabled, and permanently disabled him from performing any manual work."

It is the theory of the appellant that the complaint corresponds to the one considered by the Court of Appeals in Barrencotto v. Cocker Saw Co. (266 N. Y. 139) and that the injury alleged occupies the field discussed in that case as being one " in which

the statute fails to impose liability, on the part of an employer, to provide compensation for injury or death, regardless of fault; and in which an injured person may seek damages by action at law, where there has been fault." By an amendment to the Workmen's Compensation Law in effect June 6, 1936, " temporary or permanent total disability or death from silicosis or other dust disease " is within the purview of section 66 (Workmen's Compensation Law) and compensation is payable to employees enumerated in section 3 of the Act, or to their dependents. The *Barrencotto* case (*supra*) decided in 1934, applied to dust disease contracted prior to September 1, 1935, when the amendment adding group 28 to subdivision 2 of section 3 (Workmen's Compensation Law) became effective. (L. 1935, ch. 254.) (*Mnich* v. *American Radiator Co.*, 263 App. Div. 573, affd. 289 N. Y. 681.)

Total disability, either temporary or permanent, caused by silicosis " and other dust diseases " (whether classified as an occupational disease or not) was included by article 4-A of the Workmen's Compensation Law. (L. 1936, ch. 887, eff. June 6, 1936.) Plaintiff pleads that his injury is total and permanent. The 1935 and 1936 amendments (*supra*) are discussed in *Powers* v. *Porcelain Insulator Corp.* (285 N. Y. 54).

This motion was made under rule 112 of the Rules of Civil Practice, and the allegations of the complaint are accepted as true, as the motion is in the nature of the old demurrer. (*Rosenblum* v. *Manufacturers Trust Company*, 245 App. Div. 333.) Issues of fact will not be determined, and the motion must be decided solely on the pleading assailed. (*Pletman* v. *Goldsoll*, 264 App. Div. 393.)

The complaint failed to allege the necessary facts to permit the bringing of a common-law action mentioned as an " alternative remedy " (Workmen's Compensation Law, § 72) by pleading that the defendant employer had failed to secure payment of compensation for his injured employees and their dependents. " An action at common law was not available to plaintiff unless she alleged and established by proof that the Albee Company had failed to secure payment of compensation to Kuhn as provided in the Workmen's Compensation Law. [Citation.] This she failed to do   *   *   *   and her remedy against Albee under the Workmen's Compensation Law is exclusive." (*Kuhn* v. *City of New York*, 274 N. Y. 118, 128.) The complaint alleged that plaintiff's injury arose out of and in the course of the employment, and through the negligence of the defendant employer. A complaint at common law does not state a cause of action

under such circumstances if it fails to allege that the employer had not complied with the requirements of the statute as to compensation insurance. (*Volk* v. *City of New York,* 259 App. Div. 247; *Culhane* v. *Economical Garage, Inc.,* 195 App. Div. 108; *Morris* v. *Muldoon,* 190 App. Div. 689.)

The order dismissing the complaint should be affirmed, with costs.

HEFFERNAN, J. (dissenting). I dissent and vote to reverse the order dismissing the complaint.

The motion was made pursuant to rule 112 of the Rules of Civil Practice. On such a motion only the sufficiency of the complaint may be considered. (*Lipkind* v. *Ward,* 256 App. Div. 74.) In addition to that, the complaint specifically alleges that plaintiff's injuries are not compensable 'under the provisions of the Workmen's Compensation Law. On this motion we are bound to assume the truth of all the allegations of the complaint. Furthermore there is nothing in the complaint to show that the disease from which plaintiff is suffering resulted from the nature of his employment. In fact the complaint alleges that plaintiff's condition was caused because of defendant's failure to provide a safe place to work.

BLISS and FOSTER, JJ., concur with HILL, P. J; HEFFERNAN, J., dissents in a memorandum in which BREWSTER, J., concurs.

Order dismissing complaint affirmed, with costs.