■ VINCENT ARTONIO, Respondent, v. ALEXANDER P. HIRSCH et al., Appellants.— In an action by an employee against Welbilt Corporation, his employer, and certain individuals who are officers, directors and stockholders of said corporation, to recover damages for personal injuries sustained in the course of his employment, the appeals are from two orders denying motions to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice. The complaint alleges, in substance, that respondent was injured as a result of the appellants' willful, reckless and unlawful acts in locking, or tampering with, safety devices on a power press which he operated. The motions were denied on the ground that the complaint did not allege an accidental injury, for which the Workmen's Compensation Law provided the exclusive remedy, but pleaded a wanton and deliberate act by the employer for which the employee could maintain a common-law cause of action. Order denying motion made by appellant Richenthal affirmed, without costs. No opinion. Order denying motion made by the appellants other than Richenthal modified by striking from the ordering paragraph "in all respects denied" and by substituting therefor "granted as to defendant Welbilt Corporation, and in all other respects denied." As so modified, order affirmed, with $10 costs and disbursements to appellant Welbilt Corporation, and with leave to serve an amended complaint within 10 days after the entry of the order hereon, if respondent be so advised. In our opinion the complaint pleads a cause of action for injuries suffered by a workman as a result of an industrial accident in a covered employment, for which the Workmen's Compensation Law accords immunity from an action for damages to the employer and coemployees responsible therefor, acting in the course of their employment. (Cf. *Barrencotto* v. *Cocker Saw Co.*, 266 N. Y. 139; *Mazarredo* v. *Levine*, 274 App. Div. 122, 125; *Legault* v. *Brown*, 283 App. Div. 303.) The complaint does not allege that the employer has failed to provide the compensation required by that law and is, therefore, insufficient. (*Kuhn* v. *City of New York*, 274 N. Y. 118, 128–129; *Culhane* v. *Economical Garage*, 195 App. Div. 108; *Gardner* v. *Shepard Niles Crane & Hoist Corp.*, 268 App. Div. 561, 563–564, affd. 296 N. Y. 539; *Lazar* v. *Steinberg*, 269 App. Div. 760.) Cases such as *De Coigne* v. *Ludlum Steel Co.* (251 App. Div. 662) and *Le Pochat* v. *Pendleton* (187 Misc. 296, affd. 271 App. Div. 964), relied on by respondent, are readily distinguishable. They involve not accidental injuries, but deliberate, wanton harm to the employee, such as intentionally placing a deleterious substance in food furnished him, or assaulting him. Nor is respondent aided by the allegations that appellants' actions were in violation of the Labor Law and Penal Law. (Cf. *Cifolo* v. *General Elec. Co.*, 305 N. Y. 209, 216, cert. denied 346 U. S. 874; *Gardner* v. *Shepard Niles Crane & Hoist Corp.*, supra; *Ulrich* v. *Terminal Operating Corp.*, 186 Misc. 145, affd. 271 App. Div. 930.) However, the complaint sufficiently pleads a third-party cause of action against the individual appellants. Liberally construed, it may be interpreted as alleging that those appellants, in tampering with the safety devices, did not act within the course of their employment or the scope of their authority, and section 29 of the Workmen's Compensation Law, accordingly, would not bar a common-law action against them for the damages sustained by respondent. (*D'Agostino* v. *Wagenaar*, 183 Misc. 184, affd. 268 App. Div. 912, motion for leave to appeal denied 294 N. Y. 640.) Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.