■   Bernard R. Finch, Respondent, v. Richard W. Swingly, Jr., Doing Business as Dick Swingly Garage and Service, Appellant, and Nagle Enterprises, Inc., et al., Defendants.— Order unanimously reversed, with costs, motion granted and complaint dismissed.  Memorandum: This appeal is from an order of Special Term, Monroe County, which denied defendant's motion to dismiss the complaint.  It is alleged in the complaint that on June 30, 1972 the plaintiff was an employee of defendant Swingly and "engaged in and within the course of his employment" working underneath an automobile hoist in defendant's garage when the lift collapsed and injured him.  The other defendants are the owner of the premises and the American Oil Company.  The conduct complained of was that the defendant acted willfully and wantonly in his negligent direction to plaintiff to use the lift at a time when defendant knew it was defective, in his failure to warn plaintiff of the unsafe condition of the lift although defendant was aware of the fact, and directing the plaintiff to use a safety device to operate the lift which he knew to be improper and unsafe. Section 10 of the Workmen's Compensation Law provides that compensation shall be the exclusive remedy for disability or death to an employee arising out of and in the course of the employment.  Section 11 permits an action at common law as an alternative remedy in the event that the employer fails to secure the payment of compensation.  In such a case, to state a valid cause of action against the employer, the plaintiff must allege and prove the failure to secure compensation (*Kuhn* v. *City of New York,* 274 N. Y. 118, 128–129; *Gardner* v. *Shepard Niles Crane & Hoist Corp.,* 268 App. Div. 561; *Culhane* v. *Economical Garage,* 195 App. Div. 108).  This complaint is deficient because it fails to do so.  Plaintiff contends that the cause of action is not barred by the Workmen's Compensation Law because the claim is for injuries caused intentionally, not accidentally, by the employer.  Where injury is sustained to an employee due to an intentional tort perpetrated by the employer or at the employer's direction, the Workmen's Compensation Law is not a bar to a common-law action for damages (*Lavin* v. *Goldberg Bldg. Material Corp.,* 274 App. Div. 690; *De Coigne* v. *Ludlum Steel Co.,* 251 App. Div. 662).  A valid complaint under this theory of recovery must allege an intentional or deliberate act by the employer causing harm to the employee (*Ross* v. *State of New York,* 8 A D 2d 902; *Artonio* v. *Hirsch,* 3 A D 2d 939).  In order to constitute an intentional tort, the conduct must be engaged in with the desire to bring about the consequences of the act.  A mere knowledge and appreciation of a risk is not the same as the intent to cause injury (see Prosser, Torts [3d ed.], pp. 31–32, § 8).  A result is intended if the act is done with the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue (1 Harper and James, Torts, p. 216, § 3.3).  The complaint cannot be interpreted to allege that the defendant intentionally caused the lift to collapse on plaintiff.  Read as a whole, the pleading states no more than a cause of action for negligence barred by section 10 of the Workmen's Compensation Law, and not pleaded sufficiently, for alternative relief under section 11 of the Workmen's Compensation Law.  (Appeal from order of Monroe Special Term denying motion to

dismiss complaint.) Present — Goldman, P. J., Witmer, Cardamone, Simons and Henry, JJ.