Fuchsberg, J. (dissenting).
At the trial of this case, the Trial Judge and counsel for all parties proceeded on the understanding that two of the main issues in dispute were whether the defendant newspaper was liable in negligence for violating the statute which forbids the delivery of newspapers to Christopher O’Rourke, an underage newsboy, and whether Christopher was injured while in the course of his work and therefore relegated to a claim in workmen’s compensation. The complaint was dismissed at the end of the plaintiffs’ case because the trial court was of the opinion, erroneously I believe, that the statutory violation was, as a matter of law, not the proximate cause of the accident; the issue of whether Christopher had been engaged in an employment covered by compensation was never reached. In my view, the proximate cause issue was a question of fact and so was whether Christopher was in the course of his employment. There should, therefore, be a reversal and the case should be remitted for a new trial.
Before Christopher may be found to be covered in compensation, it must appear (1) that there existed a compensation policy (see Kuhn v City of New York, 274 NY 118), (2) that he was an employee of the defendant (see Matter of Flo v General Elec. Co., 7 NY 96; Matter of Gordon v New York Life Ins. Co., 300 NY 652), and (3) that the accident arose "out of and in the course of the employment” (Workmen’s Compensation Law, § 10; see Moon v Finkle, 6 NY2d 831; D’Anofrio v Hatten, 25 Misc 2d 346; Roberts v Gagnon, 1 AD2d 297). Absent any one of these elements, Christopher’s tort claim is viable.
The majority and I are in agreement that the defendant had *231 a compensation policy applicable to Christopher and that he was an "employee” of the defendant by reason of the provisions of the Workmen’s Compensation Law (§ 2, subds 3, 4, 5). That takes care of the first two items. But, the third, that he was "in the course of’ his employment when injured, was never established. Instead, it is an open question of fact to be decided by the jury as to whether Christopher’s brief detour for ice cream took him out of the course of his employment (Matter of Anadio v Ideal Leather Finishers; 32 AD2d 40, 42 [Cooke, J.], mot for Iv to app den 25 NY2d 737). Until it has been determined, it cannot be said that Christopher’s tort claim is precluded.
As I read its opinion, the majority here would hold that jurisdiction to determine whether Christopher’s accident arose "in the course of’ his employment is vested exclusively in the Workmen’s Compensation Board. Though academic here in the light of section 2 of the Workmen’s Compensation Law, the opinion goes so far as to say that even when the status of an injured person as an employee is a question of fact, rather than a statutory matter as here, that determination too must be made by the board and not the courts.
I cannot subscribe to the view that courts otherwise competent to adjudicate tort claims brought before them are ousted of their jurisdiction whenever a question of fact as to whether a plaintiff was in the course of his employment (or was an employee of the defendant) is raised on the pleadings. Indeed, I know of no case in which the courts have been required, as a matter of fundamental jurisdiction, to yield to the board as soon as such a question of fact appears to be involved. The sole instances in which courts have been required to defer to the jurisdiction of the board over such factual compensation issues are those in which a valid board determination of those issues had, by the time of trial on the tort claim, already been made (see Piggott v Field, 10 AD2d 99; Meaney v Keating, 200 Misc 308, affd 279 App Div 1030, affd 305 NY 660) or in which it appeared that the tort plaintiff had accepted compensation payments from the defendant’s carrier (Meaney v Keating, supra). These cases were decided on the theories of res judicata and election of remedies, respectively; it cannot be contended that either theory is applicable here.
In fact, the procedural issue here is very similar to that involved in Matter of Coe v House Inside (29 NY2d 241), where we noted that apparently the board itself usually feels
*232 constrained, in order to avoid an unseemly race for priority of jurisdiction, to defer to the courts by holding compensation claims filed with it open pending the outcome of tort actions. We went on to approve that practice, remitting the plaintiff there, who had inexplicably been denied that deference by the board, to the Appellate Division for a determination as to whether she had thereby been treated arbitrarily and capriciously. Our holding in Coe makes clear that the mere existence in a tort action of factual questions turning on compensation law is not sufficient to deprive our courts of jurisdiction over the action and all the issues involved therein, even where the plaintif has, simultaneously with the commencement of his tort suit, filed a claim with the board as well. (See, also, Matter of Doca v Federal Stevedoring Co., 308 NY 44; Matter of Pierce v Kellert, 34 AD2d 612; cf. Baker v Matthews, 8 AD2d 585, 586.)
Finch v Swingly (42 AD2d 1035), Artonio v Hirsch (3 AD2d 939) and Gardner v Shepard Niles Crane & Hoist Corp. (268 App Div 561, affd 296 NY 539), relied on by the majority, are not to the contrary. In Finch and Artonio, plaintiffs, after alleging that "plaintiff was an employee of defendant * * * and 'engaged in and within the course of his employment’ ” (Finch v Swingly, supra [emphasis added]), attempted to characterize the acts of their employers as intentional rather than merely negligent. Since their complaints failed to set forth any facts supportive of an intentional tort, they were properly dismissed. The plaintiff in Gardner also alleged both that he was an employee and that he was injured in the course of his employment; he sought to circumvent compensation by claiming that the kind of injury he received (total disability due to dust inhalation) was not covered in compensation and was dismissed when it appeared to the court that the statute did encompass such an injury. None of these cases stands, therefore, for the proposition that the question of whether a plaintiff was "in the course of’ his employment may be disregarded in determining whether his tort action is valid; none is addressed to the jurisdiction of courts to decide that issue.
In short, while an injured worker’s remedy is indeed exclusively in compensation if in fact all three of the compensation criteria indicated above are met (see Workmen’s Compensation Law, § 11), that does not mean that his forum for the determination of factual issues raised by those criteria is necessarily predetermined.
*233 I would, therefore, remit this case for a new trial so that a jury might determine, first, whether the infant plaintiff was "in the course of’ his employment when he was struck by the passing car. Of course, if the jury finds that he was, but only then, he must take his case to the board, for, as the majority indicates, his tort action would then be barred. If, however, the jury finds that he was not in the course of his employment when injured, that would not preclude the possibility that the newspaper publisher’s negligence could still be found to be the proximate cause of his injuries, for the test for proximate cause and that for "in the course of the employment” are not the same (see 2 Harper and James, Torts [2d ed], §§ 11.2, 13.2; Small, Effects of Workmen’s Compensation on Tort Concepts, 11 NACCA LJ 19).
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Cooke concur with Judge Jasen; Judge Fuchsberg dissents and votes to reverse in a separate opinion.
Order affirmed.