■ SARAH V. MYLROIE, Respondent, v GAF CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered July 9, 1980 in Rensselaer County, which denied defendant's motion to dismiss the complaint. Plaintiff began working for defendant GAF Corporation (GAF) in October, 1971 as a chemical technician. Her duties exposed her to a variety of industrial chemicals including allegedly carcinogenic substances. In March, 1972 she began experiencing urinary tract problems for which she was doctored by a urologist to whom she was referred by GAF's company nurse. Following treatment, she was found fit to resume working and in early 1974 was assigned to the post of production chemist which purportedly involved greater exposure to chemicals. In March of 1976 her physicians concluded that the toxic effect of chemicals she was exposed to was such that she could no longer continue to work at her present job. Unable to place her in another position compatible with her work experience and medical restriction, GAF terminated her effective March 15, 1976, whereupon she immediately applied for and received workers' compensation benefits. This suit, to recover damages for future manifestation of bladder cancer, was commenced in November, 1979. Causes of action in fraud, intentional tort and negligence are advanced. Essentially it is charged that GAF falsely and fraudulently stated and represented to plaintiff that she was physically and medically fit for her particular work assignment involving exposure to allegedly carcinogenic chemicals and substances; that from prior medical examinations GAF had actual knowledge that plaintiff was uniquely susceptible to bladder cancer by virtue of constant exposure to carcinogenic substances, yet wantonly and

maliciously continued to expose her to those substances; and that GAF fraudulently and carelessly subjected her to carcinogens in persistent and willful violation of safety rules and regulations. The complaint makes it apparent that plaintiff's "injury", namely the increased likelihood of developing bladder cancer in the future, stems from exposure to industrial chemicals while in the course of her employment. As such, it is an occupational disease within the meaning of the Workers' Compensation Law (Workers' Compensation Law, § 3, subd 2, par 30; *Matter of Paider v Park East Movers,* 19 NY2d 373, 380) and a common-law personal injury action is, therefore, unavailable *(Finch v Swingly,* 42 AD2d 1035). Whatever the justice be in any such circumstance, should it occur, the fact plaintiff may be barred by time limitation periods (Workers' Compenation Law, §§ 28, 40, subd 1) from claiming compensation when and if she does develop this condition, does not entitle her to institute such an action *(Cifolo v General Elec. Co.,* 305 NY 209, cert den 346 US 874). Nor is this matter beyond the reach of the Workers' Compensation Law because attempt has been made to frame the complaint in terms of intentional tort and fraud. While an intentional tort can give rise to a cause of action outside the ambit of the Workers' Compensation Law, a complaint seeking to neutralize the statute's exclusivity must allege an intentional or deliberate act by the employer directed at causing harm to this particular employee *(Finch v Swingly, supra; Ross v State of New York,* 8 AD2d 902; *Artonio v Hirsch,* 3 AD2d 939). For the same reason, the fraud accusations are wanting, for it is not alleged that GAF purposely and specifically intended to cause plaintiff the medical difficulties she foresees. As the complaint does not satisfy this standard, we are obliged to reverse the order and dismiss the complaint. Order reversed, on the law, without costs, and motion to dismiss complaint granted. Sweeney, J.P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.