STEVEN BARDERE, Respondent, v ARTHUR ZAFIR et al., Appellants, et al., Defendants.

First Department, June 28, 1984

APPEARANCES OF COUNSEL

*Hugh J. Helfenstein* and *Dorothy S. Morrill* of counsel (*Helfenstein & Matza, P. C.,* attorneys), for appellants.

*Roy M. Warner* for respondent.

OPINION OF THE COURT

FEIN, J.

Plaintiff, after receiving a job placement from defendant Geneva Employment Agency, Inc. (Geneva), was hired to work for Brooklyn Garbage Bag Co., Inc. (Brooklyn), by Arthur Zafir (Zafir), principal officer of Brooklyn. On his first day of work for Brooklyn, plaintiff was severely injured while operating an extruder machine, which grinds plastic bags into pellets for recycling. Plaintiff sued Zafir, Brooklyn and Astro Plastic Corporation (Astro), of which

Zafir was also the principal officer, asserting liability for Zafir's criminally negligent operation of the machine while Zafir was principal officer of Astro and Brooklyn. Punitive damages were also sought. A motion to dismiss was granted in favor of the employment agency but denied as against Zafir and Brooklyn, both of whom appeal.

The premise of liability is that Zafir altered, modified and removed safety components of the extruder machine so as to increase its speed, with knowledge of the dangers to an operator by reason thereof.

Plaintiff had applied for and received workers' compensation benefits as an employee of Brooklyn, prior to initiation of this action. By definition, that compensation award established all factual issues relevant to the claim, including notice of the accident and its causal relationship to the injury (Workers' Compensation Law, §§ 20, 23). Further, as a basic premise of the workers' compensation concept, such award constituted the exclusive remedy for the employer's liability (Workers' Compensation Law, §§ 10, 11, 23, 29, subd 6). Nevertheless, Special Term ruled that the employer could still be held liable under the theory of violation of section 200 of the Labor Law, notwithstanding the compensation award.

Section 200 of the Labor Law is the general provision requiring an owner or general contractor to provide a safe place to work. However, this statute, which provides an enforcement procedure for the Commissioner of the Department of Labor to prohibit and enjoin hazardous work conditions, is designed to protect the employees of other than the owner or general contractor of the dangerous property or device. This Labor Law codification of the requirement to provide a safe place to work does not overrule, and indeed, is subject to the exclusivity provisions of the Workers' Compensation Law (see *Heritage v Van Patten*, 90 AD2d 936, 937, affd 59 NY2d 1017, construing other provisions of the Labor Law vis-à-vis Workers' Compensation Law, § 29, subd 6).

Plaintiff seeks to salvage this action by asserting that the cause of his injury was an intentional tort perpetrated by Zafir, acting in the capacity of either an employer or a

coemployee. In neither case do these exceptions to the exclusivity provisions of the Workers' Compensation Law find support in this record. The circumstances of coemployment are not spelled out in the complaint, albeit Zafir, as a principal and officer of Brooklyn, may be deemed a coemployee as president of plaintiff's employer (*Heritage v Van Patten, supra*). However, in no respect does the complaint support a theory of intentional tort.

An intentional tort may not be founded upon the allegations that Zafir altered the mechanism in an unsafe manner, for the purpose of increasing output, with knowledge that an operator might come in contact with this now hazardous piece of machinery. Such allegations belie any intent to cause injury to an employee. The description of such conduct as "criminal negligence" is merely the equivalent of an allegation of gross negligence or reckless conduct, which does not except it from the "exclusive remedy" provisions of the Workers' Compensation Law.

As stated in *Orzechowski v Warner-Lambert Co.* (92 AD2d 110, 113): "The plaintiffs cannot prevail. Viewed most favorably to the plaintiffs, their allegation to the effect that defendants-respondents had 'intentionally ignored' the known hazard of an explosion in connection with the design and operation of the Freshen-Up manufacturing process cannot be deemed to satisfy the case-law requirement of 'specific acts' directed at causing harm to 'particular employees' necessary to bring this case within the 'intentional injury' exception, and is tantamount to an allegation of gross negligence, or perhaps, even reckless conduct on the part of defendants-respondents leading to an industrial accident. Unfortunately for the plaintiffs, such conduct is not excepted from the 'exclusive remedy' provisions of the Workers' Compensation Law (see *Mylroie v GAF Corp.*, 81 AD2d 994, affd 55 NY2d 893, *supra; Finch v Swingly*, 41 AD2d 1035; *Santiago v Brill Monfort Co.*, 11 AD2d 1041, affd 10 NY2d 718; *Artonio v Hirsch*, 3 AD2d 939)."

Intentionally tortious conduct connotes conduct engaged in with the desire to bring about the consequences of the injurious act (*Finch v Swingly*, 42 AD2d 1035, *supra*). For a complaint to neutralize the Workers' Compensation Law's

exclusivity of remedy, it must allege that the employer engaged in intentional or deliberate conduct "directed at causing harm to this particular employee" (*Mylroie v GAF Corp.*, 81 AD2d 994, 995, affd 55 NY2d 893, *supra*). Moreover, as the Court of Appeals noted in affirming *Mylroie,* once the plaintiff accepted the award of workers' compensation benefits, alternative recovery at law was foreclosed on the theory of intentional tort (55 NY2d, at p 894). The Board's determination of liability and compensation award for the accidentally sustained injuries by reason of the employer's negligent and injurious conduct stands as *res judicata* and estops the plaintiff from seeking a remedy at law on the alternative theory of intentional tort (*Werner v State of New York,* 53 NY2d 346, 352-355). It is notable that plaintiff, and not the employer, made the application for workers' compensation, although this would not be dispositive (*Cunningham v State of New York,* 60 NY2d 248; *O'Connor v Midiria,* 55 NY2d 538). Plaintiff's only recourse in pursuing such a theory now would be to apply to the Board for a redetermination as to the nature of the cause of the injury, i.e., intentional rather than accidental (*O'Connor v Midiria, supra*). The conclusiveness of the workers' compensation remedy is not subject to collateral attack here (*Cunningham v State of New York, supra*).

Plaintiff attempts to shore up his complaint by asserting it alleges causes of action against Brooklyn, as alleged successor to a third-party tort-feasor, Astro, which was liable for injuries sustained by plaintiff by reason of actions of Zafir, as principal and officer of both corporations, in altering and modifying the machine (*Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152). However, the tort in that case was committed not by the employer or any of its agents, but rather by third parties who were precluded from invoking the Workers' Compensation Law. This "successor liability" theory, raised for the first time on appeal, must be rejected. It could only be based upon a showing that (1) the successor corporation expressly or impliedly assumed its predecessor's tort liability, (2) there was a consolidation or merger between the successor and predecessor, (3) the successor was a mere continuation of the predecessor, or (4) the succession was fraudulently entered

into for the purpose of escaping obligations (*Schumacher v Richards Shear Co.,* 59 NY2d 239). There are no such allegations in the complaint, nor is there any factual support for such theory set forth in the affidavits and exhibits in opposition.

The order, Supreme Court, New York County (Morris Goldman, J.), entered December 13, 1982, granting the dismissal motion of defendant Geneva Employment Agency, Inc., and denying the motion of defendants Arthur Zafir and Brooklyn Garbage Bag Co., Inc., to dismiss the complaint, should be modified, on the law, without costs, to grant the motion to dismiss the sixth and seventh causes of action against Brooklyn, and the first, second and third causes of action against Zafir as an employee of Brooklyn, and otherwise affirmed.

MURPHY, P. J., CARRO, SILVERMAN and BLOOM, JJ., concur.

Order, Supreme Court, New York County, entered on December 13, 1982, unanimously modified, on the law, without costs and without disbursements, to grant the motion to dismiss the sixth and seventh causes of action against Brooklyn Garbage Bag Co., Inc., and the first, second and third causes of action against Zafir as an employee of Brooklyn Garbage Bag Co., Inc., and otherwise affirmed.