OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*852 On appeal by defendants Zafir and Brooklyn Garbage Bag Co. from an order of Special Term which had denied their motion under CPLR 3211 to dismiss the complaint for failure to state a cause of action and as barred by the Workers’ Compensation Law, plaintiff, for the first time, asked in the Appellate Division that if the order of Special Term were reversed and the motion were granted he be given leave to replead to set out a theory of successor liability under Billy v Consolidated Mach. Tool Corp. (51 NY2d 152). We agree with the parties that, in reversing the order of Special Term and dismissing the complaint, the Appellate Division implicitly denied plaintiff’s application.
We find no basis for reversal of that disposition. The court examined plaintiff’s papers submitted in opposition to the motion and found missing therefrom allegations of any one of the four circumstances which will support a claim of successor liability under Schumacher v Richards Shear Co. (59 NY2d 239). Additionally, plaintiff failed to comply with the requirement of CPLR 3211 (subd [e]) that, if the party opposing a motion to dismiss for insufficiency desires leave to plead again in the event the motion is granted, he shall set forth and support a request for such relief in his opposing papers. In order to reverse the implicit refusal by the Appellate Division of leave to replead to plaintiff we would have to say that plaintiff’s papers, as a matter of law, necessarily satisfied that court that there was good ground to support a theory of successor liability (CPLR 3211, subd [e]) and, further, that the appellate court was required (again as a matter of law) to excuse compliance with the statutory mandate of inclusion of a request to replead in the opposing papers. We can do neither.
Plaintiff’s reliance on Sanders v Schiffer (39 NY2d 727) in support of his request that we authorize application by him to Special Term for leave to serve an amended complaint is misplaced. As an examination of the record discloses, in Sanders, unlike the present case, plaintiffs had complied with the statutory requirement by including a request for permission to replead in their attorney’s affidavit opposing the motion to dismiss. Moreover, in that case there had been no evaluation of the claimed support for the *853 proposed amended pleading and no determination by the Appellate Division of plaintiffs’ request to replead, as has occurred in the present case responsive to the explicit request by plaintiff that the appellate court itself grant leave to amend.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.