■ EDWARD H. CAREY, Respondent, v LEFRAK ORGANIZATION, Appellant, et al., Defendants. — Order of the Supreme Court, Bronx County (Wallace Cotton, J.), entered on December 22, 1983, which denied the motion by defendant Lefrak Organization for summary judgment dismissing the complaint, is unanimously reversed, on the law, and the motion by defendant Lefrak Organization for summary judgment dismissing the complaint granted, without costs or disbursements.

This action involves a claim for damages for personal injuries arising out of an incident in which plaintiff's left hand was severed in a garbage compactor situated in an apartment building owned by defendant Lefrak Organization. As plaintiff, a building superintendent for Lefrak, was assisting a fellow employee in unclogging the compactor, the plunger at the rear of the machine suddenly moved forward, amputating his hand. The Workers' Compensation Board subsequently awarded continuing payments to plaintiff, finding that "Accident, notice and causal relation [*sic*] established for left hand." Plaintiff admits that he is receiving compensation checks in accordance with this decision. However, the law is clear that plaintiff's application for, and acceptance of, workers' compensation benefits bars him from maintaining an action against Lefrak. (*Werner v State of New York,* 53 NY2d 346; *Bardere v Zafir,* 102 AD2d 422.) As this court has recently held, the Board's determination of liability and compensation award for accidentally sustained injuries "stands as *res judicata* and estops the plaintiff from seeking a remedy at law on the alternative theory of intentional tort" (*Bardere v Zafir, supra,* at p 425; see, also, *Werner v State of New York, supra*). Since the Workers' Compensation Board determined that plaintiff's hand was accidentally severed, and plaintiff is receiving compensation benefits, he may not pursue an action at law against his employer. Accordingly, the motion by defendant Lefrak for summary judgment dismissing the complaint should have been granted. Concur — Silverman, J. P., Bloom, Fein, Milonas and Kassal, JJ.