■ AUSTIN FERRARA, JR., et al., Appellants, v AMERICAN ACMI et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Ingrassia, J.), dated December 20, 1985, which, *inter alia,* granted the defendant union's motion for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) an order of the same court (Palella, J.), dated May 13, 1986, which granted the defendant American ACMI's motion to dismiss the complaint insofar as it is asserted against it.

Orders affirmed, with one bill of costs.

The plaintiff Austin Ferrara, a machine operator, was injured when an overhead exhaust head located above the machine on which he was working accidentally fell and struck him. Mr. Ferrara has applied for and is receiving workers' compensation benefits. Some 11 months after the accident, the plaintiffs commenced the instant action against Mr. Ferrara's employer, American ACMI and his union, Local 810 Steel, Metals Alloys and Hardware Fabricators and Warehousemen of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, alleging in substance, that the defendants had knowledge of the hazard which caused his injury and intentionally ignored it. In its motion to dismiss the complaint insofar as it is asserted against it, the defendant employer raised the defense of workers' compensation, arguing that the benefits received thereunder repre-

sented Mr. Ferrara's exclusive remedy for the injuries sustained. Special Term granted the employer's motion and dismissed the complaint as against it. We affirm. Viewed most favorably to the plaintiffs, the allegation that the defendant ACMI intentionally ignored a known "hazard" cannot be deemed to satisfy the case-law requirement of "[s]pecific acts" directed at causing harm to "particular employees" necessary to bring this case within the "intentional injury" exception to the exclusivity of the workers' compensation remedy *(see, Mylroie v GAF Corp.,* 81 AD2d 994, *affd* 55 NY2d 893; *Bardere v Zafir,* 102 AD2d 422, 424, *affd* 63 NY2d 850; *Orzechowski v Warner-Lambert Co.,* 92 AD2d 110, 112-113; *Finch v Swingly,* 42 AD2d 1035). Despite the plaintiffs' attempt to characterize the claim as one sounding in intentional tort or breach of contract, the alleged wrongful conduct of which the plaintiffs complain is insufficient to dissolve the exclusivity bar of the plaintiffs' workers' compensation remedy *(Orzechowski v Warner-Lambert Co., supra,* at p 113).

Further, Special Term's order granting summary judgment to the defendant union should also be affirmed. The plaintiff's attempt to frame a Federal cause of action under the Labor Management Relations Act § 301 (29 USC § 185), alleging a breach of the union's duty of fair representation, was properly rejected, as was the plaintiffs' alternate contention, that the union was liable to them premised upon its alleged failure to comply with plant-safety monitoring provisions contained in the relevant collective bargaining agreement. The plaintiffs' contentions of union wrongdoing in allegedly failing to monitor plant safety represent at best an allegation that the union was negligent in performing its contractual duties. Negligent performance of such alleged duties does not give rise to union liability nor does it amount to a breach of the union's duty to fairly represent the plaintiff Austin Ferrara *(see, e.g., Condon v Local 2944, United Steelworkers,* 683 F2d 590, 595; *Pockalny v Elwell Parker Elec. Co.,* 608 F Supp 570; *House v Mine Safety Appliances Co.,* 417 F Supp 939). We note, in any event, that under the Supreme Court's decision in *DelCostello v Teamsters* (462 US 151), the plaintiffs' claim premised upon its union's alleged breach of the duty of fair representation is time barred.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.