■ JULIEANN BULIS, Respondent, v LOUIS DI LORENZO, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated February 2, 1987, which denied his motion in the nature of a motion for renewal of his prior motion for summary judgment dismissing the complaint in its entirety.

Ordered that the order is reversed, on the law, with costs, renewal is granted, and, upon renewal, the motion for summary judgment is granted dismissing the complaint in its entirety.

The plaintiff commenced this action based upon an incident in which the defendant, a coemployee of hers at Chemical Bank, picked up the end of a conference table during a business meeting and slammed it down, striking and injuring her foot in the process. The complaint was based upon theories of negligence and intentional tort.

By prior order of the Supreme Court, Nassau County, dated January 22, 1986, the court dismissed the cause of action sounding in negligence on the ground that plaintiff's exclusive remedy was recovery pursuant to the Workers' Compensation Law. The court declined to dismiss the cause of action sounding in intentional tort. The defendant did not appeal from this

order. Thereafter, the defendant moved for reargument, arguing that the exception to the exclusivity of the Workers' Compensation Law for intentional torts had been overruled. The court denied that motion.

Following the parties' depositions, the defendant once more made a motion in the nature of renewal seeking summary judgment dismissing the intentional tort cause of action, which the court denied, finding it presented no new law or facts.

A motion for renewal is one which is based upon new facts which were previously unavailable *(Matter of Fahey v Whalen,* 54 AD2d 1097, *mots to dismiss appeal granted* 41 NY2d 900). The defendant's motion for renewal was supported not only by the affirmations and sworn statements of two eyewitnesses which had been submitted on the prior application for reargument, but also by excerpts from the deposition testimony of both the defendant and the plaintiff. This testimony of the plaintiff, setting forth her version of the incident, was previously unavailable to the defendant, and constituted new facts upon which the motion for renewal might properly be brought.

An intentional tort can give rise to a cause of action outside the purview of the Workers' Compensation Law only if the facts demonstrate "an intentional or deliberate act by the employer [or the coemployee] directed at causing harm to this particular employee" *(Mylroie v GAF Corp.,* 81 AD2d 994, 995, *affd* 55 NY2d 893). In order to defeat summary judgment in this case, the plaintiff was required to set forth facts sufficient to establish that the defendant slammed down the table as an intentional and deliberate act to cause her harm *(see, Bardere v Zafir,* 102 AD2d 422, *affd* 63 NY2d 850; *Santiago v Brill Montfort Co.,* 11 AD2d 1041, *affd* 10 NY2d 718; *Crespi v Ihrig,* 99 AD2d 717, *affd* 63 NY2d 716; *Finch v Swingly,* 42 AD2d 1035).

A review of the record reveals that the plaintiff's deposition testimony does not contain any indication that the defendant acted intentionally in dropping the table on the plaintiff's foot. There is no evidence submitted by the plaintiff that the defendant intended to harm her. To the contrary, the plaintiff's version of what occurred closely comports with that of the defendant and the two eyewitnesses, to wit, that the defendant slammed the table out of frustration and with no intent to harm anyone.

Therefore, other than a mere conclusory allegation in the complaint that the defendant acted intentionally, the plaintiff

has failed to come forward with any competent proof in evidentiary form to indicate that the defendant acted intentionally. Nor is an issue of fact raised by the allegation of the plaintiff's counsel that the defendant was acting in retaliation against the plaintiff because of a business disagreement. This assertion is not based upon the personal knowledge of counsel and, therefore, is of no evidentiary value and nowhere in the record is there any such statement by the plaintiff herself. Moreover, as noted, such an allegation is unsupported by the plaintiff's deposition testimony as to the manner in which the incident occurred. Accordingly, upon renewal, the court should have granted the defendant's motion for summary judgment dismissing the remaining cause of action based on intentional tort. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.