OPINION OF THE COURT
Gerard E. Delaney, J.
In the circumstances indicated below this court determines that plaintiffs have stated a cause of action for both reasonably anticipated consequential damages, to include future *658 medical expenses for lifetime medical monitoring and diagnostic treatment as a result of the negligence of defendants in causing, or suffering to be caused, exposure of plaintiffs to toxic asbestos contamination and for negligent infliction of emotional distress.
On March 21, 1989, plaintiffs, Frank Gerardi and Francis P. Lynch, were employed by Consolidated Edison Company of New York (Con Ed). At that time they were working on a corrective maintenance project at Con Ed’s Indian Point Nuclear Plant in Westchester County, New York. The project was planned by defendant, Nuclear Utility Services, Inc., also known as NUS, Inc. (NUS), and included the dismantling of pipework and the removal and replacement of pipe gaskets. The pipe insulation and gaskets were composed, in substantial part, of asbestos material. During the course of the dismantling process a large cloud of dust containing asbestos was raised "enveloping plaintiffs * * * and each plaintiff inhaled and ingested or probably inhaled or ingested asbestos fibers.” Moreover, plaintiffs allege that they inhaled or "may have * * * inhaled or ingested asbestos in the process of replacing the gaskets which were 80% asbestos material.” In this regard, plaintiffs allege that "it is likely that the dust thrown up during their replacement also contained toxic levels of asbestos”.
Plaintiffs concede, in their complaint, that they are "not presently disabled or suffering disease” from their exposure to the asbestos but contend that they have suffered an increased risk of developing a disability and terminal disease in the future. They contend that NUS failed to warn them of the asbestos hazard in their work and was negligent in failing to investigate the exact nature and danger of the work project. As a proximate cause of the alleged negligence of NUS, plaintiffs contend that they were exposed to the risk of future asbestos-related disease or injury and must undergo continuing lifetime medical surveillance and monitoring, for which they seek damages. Moreover, plaintiffs have alleged a second cause of action for "emotional distress and mental anguish” which was engendered by their need to undergo this lifetime medical surveillance.
The instant application is a motion by NUS to dismiss the complaint for failure to state a cause of action (see, CPLR 3211 [a] [7]). In this regard NUS contends that plaintiffs have failed to demonstrate that they have suffered any presently compensable injury and improperly seek to recover for speculative *659 and remote possibilities of future injury. While it is true that damages resulting from the enhanced risk of disease and the threat of future harm not yet realized are not compensable in a tort action (see, Askey v Occidental Chem. Corp., 102 AD2d 130, 135 [4th Dept 1984], and cases cited therein), a defendant may be liable for "reasonably anticipated” consequential damages, to include future medical expenses, such as subsequent medical monitoring, which may flow from the invasion of the body by toxic substances through negligent exposure (see, supra, at 136-137; see also, Hagerty v L&L Mar. Servs., 788 F2d 315, reh denied 797 F2d 256 [5th Cir 1986]; Friends for All Children v Lockheed Aircraft Corp., 746 F2d 816 [DC Cir 1984]; Ayers v Township of Jackson, 189 NJ Super 561, 461 A2d 184 [1983], affd as mod 202 NJ Super 106, 493 A2d 1314 [1985], revd in part, affd in part 106 NJ 557, 525 A2d 287 [1987]).
Defendant attempts to distinguish the Askey decision, noting that it was decided in 1984, prior to the enactment of the Toxic Tort Revival Law (L 1986, ch 682). In this regard defendant contends that the legislative recognition of the "time of discovery” rule of CPLR 214-c ameliorates the purported Askey policy which was to allow recovery beyond the limitations period previously recognized by the "time of exposure” rule. Such a contention is without merit. The Askey court made it clear that the allowance of damages for medical monitoring expenses due to negligent exposure to toxic substances was granted on the basis that "such a remedy would permit the early detection and treatment of maladies and that as a matter of public policy the tort-feasor should bear its cost” (see, Askey v Occidental Chem. Corp., supra, at 137). Moreover, inasmuch as neither the Court of Appeals nor the Appellate Division, Second Department has apparently yet ruled on such a claim, this court is bound to follow the Askey precedent. (See, Mountain View Coach Lines v Storms, 102 AD2d 663.)
In deciding the motion to dismiss for failure to state a cause of action, the allegations of the complaint must be assumed to be true (see, Denihan Enters. v O’Dwyer, 302 NY 451, 458) and the complaint be deemed to allege whatever can be imputed from its statements by a fair and reasonable intendment, however imperfectly, informally or illogically facts may be stated therein. (See, Condon v Associated Hosp. Serv., 287 NY 411.) In this regard defendant contends that even if the court recognizes the Askey cause of action, plaintiffs have failed to *660 allege a reasonable certainty of the occurrence of future harm. Such contention is without merit because while Askey held that "[i]f a plaintiff seeks future medical expenses as an element of consequential damagefs], he must establish with a degree of reasonable medical certainty through expert testimony that such expenses will be incurred” (see, Askey v Occidental Chem. Corp., supra, at 137), this is a statement of the burden of proof and not a pleading requirement. Moreover, plaintiffs have alleged that as a result of defendant’s conduct they must "undergo periodic medical testing * * * a medical necessity * * * and will suffer the cost of reasonably probable future medical expenses”. Accordingly, the motion to dismiss the cause of action for future medical monitoring, medical surveillance or diagnostic testing is denied.
Finally, defendant’s application to dismiss the cause of action for emotional distress or mental anguish is denied. Plaintiffs have alleged they have suffered mental anguish as the proximate cause of the breach of defendant’s duty to warn them of asbestos dangers and its duty to plan the project so as to avoid such dangers. This mental anguish is said to arise out of defendant’s culpable conduct and is engendered by the continuing need for them to undergo lifetime medical monitoring to detect asbestos disease. In circumstances where a duty is owed by a defendant to plaintiff, breach of that duty resulting directly in emotional harm is compensable even though no physical injury has occurred (see, Kennedy v McKesson Co., 58 NY2d 500, 504; see also, Martinez v Long Is. Jewish Hillside Med. Center, 70 NY2d 697) so long as the alleged breach of duty unreasonably endangers the plaintiff’s physical safety. (See, Green v Leibowitz, 118 AD2d 756.) In this regard, the potential deadly latent effects of exposure to asbestos has been recognized by our Legislature (see, L 1986, ch 682, § 4) and courts. (See, e.g., Fusaro v Porter-Hayden Co., 145 Misc 2d 911.)