*348 OPINION OF THE COURT
Herman Cahn, J.
This action raises the issue of how to adequately protect individuals exposed to extremely toxic substances but who suffer no present physical disability. Due to the nature of such substances, for example asbestos, no clinical symptoms of disease may manifest themselves for many years or even decades, if ever. Requiring such individuals to postpone commencing suit until they show signs of clinical disease is not, in the view of the court, a just result. Accordingly, the court here recognizes the right for claimed victims of toxic torts to seek the cost of continuous medical monitoring necessary to allow the early detection of disease. Such detection may increase the efficiency of medical treatment or minimize pain and suffering.
THE ALLEGATIONS OF THE COMPLAINT
The relevant part of the complaint alleges the following facts: On August 19, 1990, at 20th Street between Irving Place and Third Avenue in Manhattan, a Consolidated Edison Company of New York, Inc. (Con Edison) steam pipe, covered with insulating material containing toxic friable asbestos, exploded, spewing insulation throughout the area. Two Con Edison employees were killed in the explosion. Con Edison knew that the resulting debris contained toxic levels of friable asbestos but nevertheless dispatched the employee plaintiffs to perform tasks associated with the cleanup of the explosion. During their work, employee plaintiffs were exposed to and inhaled or ingested toxic levels of friable asbestos fibers. Con Edison did not provide plaintiff employees with protective clothing or equipment; it did not warn employee plaintiffs of the potential dangers of exposure to friable asbestos.
Plaintiff employees allege that, although they are not presently disabled or suffering from disease, they are at serious risk of developing asbestos-related disease in the future. Accordingly, they seek, in the first cause of action, continued medical monitoring, damages for emotional distress "upon the realization that they will require lifetime medical monitoring” and damages for battery for intentionally and knowingly exposing them to the asbestos. The third cause of action alleges public nuisance, causing the need for continued medical monitoring and emotional distress. The fourth cause of *349 action seeks damages for intentional infliction of emotional distress.
Defendant Con Edison moves for partial summary judgment dismissing that part of the complaint asserted against it by its employees. Con Edison seeks to dismiss all of the employee plaintiffs’ claims as barred by Workers’ Compensation Law §11.
Additional causes of action are alleged by the spouses and other family members of the employee plaintiffs. Such causes of action are not considered on this motion.
THE LAW
Workers’ Compensation Law § 10 (1) provides in relevant part that "Every employer * * * shall * * * secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of or in the course of the employment without regard to fault”. Workers’ Compensation Law § 11 provides in relevant part that "The liability of an employer prescribed by the last preceding section shall be exclusive and in the place of any liability whatsoever”.
The courts have recognized a narrow exception to the exclusivity of the Workers’ Compensation Law where the injury results from an intentional tort perpetrated by or at the direction of the employer. (Orzechowski v Warner-Lambert Co., 92 AD2d 110; Finch v Swingly, 42 AD2d 1035; Estupinan v Cleanerama Drive-In Cleaners, 38 AD2d 353.) Under this exception, mere knowledge and appreciation of risk are not the same as intent to cause injury; but the complaint must allege an intentional or deliberate act by the employer aimed at causing harm to that particular employee. (Finch v Swingly, supra; Mylroie v GAF Corp., 81 AD2d 994; Bardere v Zafir, 102 AD2d 422, affd 63 NY2d 850.) "[T]he conduct must be engaged in with the desire to bring about the consequences of the act.” (Finch v Swingly, supra.)
Plaintiff employees in their causes of action seeking damages for battery and emotional distress have failed to sufficiently allege more than gross or reckless conduct by defendant, in allowing plaintiff employees to be exposed to friable asbestos particles while Con Edison was aware of the risks. (See, Burlew v American Mut. Ins. Co., 63 NY2d 412; Ferrara v American ACMI, 122 AD2d 930; Hodson v General Elec. Co., 129 AD2d 978.) The courts have recently held in two similar *350 cases that knowledge of a known chemical or environmental hazard is not by itself conduct that is excepted from the exclusive remedy provision of Workers’ Compensation Law § 11. (Briggs v Pymm Thermometer Corp., 147 AD2d 433; Rider v Occidental Chem. Corp., Sup Ct, Erie County, Apr. 21, 1989, Kane, J., affd 155 AD2d 944, lv denied 75 NY2d 705.)
Plaintiff employees, however, argue that their claims are for injuries that are not recognized as compensable under the Workers’ Compensation Law because they suffer from no present physical disability. This contention is without merit with regard to the claims for emotional distress and battery. Psychological injury caused by psychic trauma is compensable to the same extent as physical injury under the Workers’ Compensation Law. (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505; Matter of Kaliski v Fairchild Republic Co., 151 AD2d 867, affd 76 NY2d 1002.) In any event, recovery for emotional distress is not available under the common law until there is clinical evidence of an asbestos-related condition now present. (Herber v Johns-Manville Corp., 785 F2d 79 [3d Cir 1986]; Sterling v Velsicol Chem. Corp., 855 F2d 1188 [6th Cir 1988]; Rittenhouse v St. Regis Hotel Joint Venture, 149 Misc 2d 452 [Sup Ct, NY County].) Therefore, those claims alleging emotional distress and battery are dismissed.
However, that part of the complaint that alleges a need for continued medical monitoring does not seek recovery for an injury compensable under the Workers’ Compensation Law. Pursuant to Workers’ Compensation Law § 10 only an injury which causes "disability” is compensable. Workers’ Compensation Law § 37 (1) defines "disability” as the "state of being disabled from earning full wages at the work at which the employee was last employed.” The need for medical monitoring is therefore not a compensable injury since there is no present disability. It follows that since the condition requiring continuous medical monitoring is not an injury that is compensable under Workers’ Compensation Law § 10, a plenary action to compel Con Edison to provide it is not to be barred by Workers’ Compensation Law § 11. Unlike claims for emotional distress, the need for continuous medical monitoring is a claim for which the Workers’ Compensation Law does not provide a remedy. (See, Schnall v 1918 Harmon St. Corp., 26 Misc 2d 287.) Indeed, an Assembly Bill (No. 7427-A) was recently introduced, but not enacted, whereby a program providing medical monitoring to workers at risk of contracting occupational diseases would be provided, as an addition to the *351 Labor Law and Workers’ Compensation Law. A review of the memoranda in support of the bill makes it clear that its supporters also find no existing provision in the Workers’ Compensation Law for the allowance of continued medical monitoring.
A common-law cause of action for medical monitoring has recently been recognized by one court in New York. (Gerardi v Nuclear Util. Servs., 149 Misc 2d 657 [Sup Ct, Westchester County].) That case involved Con Edison employees exposed to asbestos while working on a corrective maintenance project at Con Edison’s Indian Point Nuclear Plant. Such a cause of action has also been recognized in several other jurisdictions. (See, e.g., Friends for All Children v Lockheed Aircraft Corp., 746 F2d 816 [DC Cir 1984]; Hagerty v L & L Mar. Servs., 788 F2d 315 [5th Cir 1986]; Ayers v Township of Jackson, 106 NJ 557, 525 A2d 287 [1987]; Burns v Jaquays Min. Corp., 156 Ariz 375, 752 P2d 28 [Ct App 1988]; Mauro v Ownes-Corning Fiberglas Corp., 225 NJ Super 196, 542 A2d 16, cert granted 113 NJ 341, 550 A2d 455 [1988].) The court is inclined to agree with said opinions and allow such a cause of action. (See, Askey v Occidental Chem. Corp., 102 AD2d 130.) Continuous medical monitoring allowing for early detection and treatment of asbestos-related disease may be sought by plaintiff employees provided proper proof is adduced at trial supporting the need for such recovery.
Con Edison’s argument that Rittenhouse v St. Regis Hotel Joint Venture (supra) bars a cause of action for future medical monitoring is without merit. That case is factually distinct from the instant matter. Additionally, that court never addressed the issue of whether a cause of action for continued medical monitoring should be recognized in New York.
The employee plaintiffs’ third cause of action for public nuisance will not now be dismissed. Public nuisance is clearly an intentional tort that is not within the coverage provided by the Workers’ Compensation Law. Plaintiff employees have sufficiently alleged peculiar injuries beyond that of the general public in that they seek continued medical monitoring. (See, Leo v General Elec. Co., 145 AD2d 291.) Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue of fact. (Rotuba Extruders v Ceppos, 46 NY2d 223; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395.)
Accordingly, Con Edison’s motion for partial summary judg *352 ment is granted only to the extent that the employee plaintiffs’ claims for damages due to emotional distress and battery are dismissed in accordance with this decision. In all other respects the motion is denied.
The parties are directed to contact the clerk of IAS Part 49, to schedule a conference relating to discovery matters.