■ PATRICIA M. PATTERSON et al., Respondents, v SALVATION ARMY et al., Defendants, BOOTH MEMORIAL MEDICAL CENTER, Doing Business as BOOTH MEMORIAL HOSPITAL, Appellant, and CONSENTINI ASSOCIATES, INC., et al., Respondents. [610 NYS2d 42] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about March 18, 1993, which denied the motion of defendant Booth Memorial Medical Center (Booth) for summary judgment dismissing the complaint as to it pursuant to CPLR 3212, unanimously reversed on the law, the motion granted, and the complaint dismissed against Booth, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant Booth Memorial Medical Center severing and dismissing the complaint as against it.

Plaintiffs Patricia M. Patterson and Dr. Hoi Yat Kam, while employed by defendant Booth, were allegedly exposed to Formalin, a compound containing formaldehyde. They brought this action against the Salvation Army, against various contractors and others, and against Booth. Booth moved for summary judgment dismissing the complaint as against it, based on the exclusivity of the jurisdiction provisions of the

Workers' Compensation Law. The IAS Court denied Booth's motion on the grounds that there were issues of fact as to whether Workers' Compensation coverage applies and as to whether Booth had knowledge of the dangers of Formalin and nevertheless allowed plaintiffs to be exposed to it.

It has been shown that a Workers' Compensation policy had been procured covering the applicable loss periods and that plaintiff Patterson's medical bills were paid thereunder. Workers' Compensation is thus the exclusive remedy (with limitations with respect to intentionally inflicted injuries, [see, infra]) if the injuries arose out of the employment as a natural incident to the work while the employee was doing the work for which employed (see, Matter of Malacarne v City of Yonkers Parking Auth., 41 NY2d 189, 193). The plaintiffs here were pathologists engaged in the dissection of specimens stored in Formalin. The criteria of Malacarne were thus clearly met.

Plaintiffs also argue that the application of the exclusivity of jurisdiction provisions is precluded because the injuries to them were caused intentionally by Booth. The tort is not intentional, however, unless there was an intentional or deliberate act by the employer "to injure that particular employee or to have him injured" (Orzechowski v Warner-Lambert Co., 92 AD2d 110, 112; see also, Mylroie v GAF Corp., 81 AD2d 994, 995, affd 55 NY2d 893 for reasons stated below). Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Williams, JJ.